## BLUE BIRD MIN. Co., Limited, *v.* LARGEY *et al.*

(*Circuit Court, D. Montana.*   February 3, 1892.)

1. REMOVAL OF CAUSES—FEDERAL QUESTION—MINING ACTS.
    Whether a certain mine is a "vein," "lode," or "ledge," within the meaning of Rev. St. U. S. §§ 2320, 2322, 2325, is a question of fact to be determined from the use of those terms among practical miners, and the decision thereof involves no federal question, within the meaning of the removal of causes acts.

2. SAME.
    A question as to what is the top or apex of a vein is also one of fact, which involves no federal question.

3. SAME—DOUBTFUL QUESTION.
    A cause is not removable when there is any doubt as to whether a federal question is presented.

4. SAME—PRIOR DECISION BY SUPREME COURT.
    When the apex of a vein passes through one end line and one side line of the claim, the owner's rights are determined by *Iron Silver Min. Co.* v. *Elgin Mining & Smelting Co.*, 118 U. S. 196, 6 Sup. Ct. Rep. 1177, and the case comes under the rule that, when a proposition has been decided by the United States supreme court, it no longer involves a federal question.

5. SAME—PATENT BY UNITED STATES—QUESTIONS OF FACT.
    The conveyance by patent of a vein or lode whose top or apex is cut by the end lines of the claim is a complete grant of the vein throughout its entire depth, although it may extend outside the vertical lines of the location, and hence any subsequent dispute as to boundaries is a controversy of fact, which involves no federal question.

At Law.   Action in the state court by the Blue Bird Mining Company, Limited, against Patrick A. Largey and Lulu F. Largey to quiet title to the Blue Bird vein or lode.   The cause was removed to this court by defendants, and is now heard on motion to remand to the state court.   Granted.

*Forbis & Forbis*, for plaintiff.

*F. T. McBride*, (*E. W. Toole*, of counsel,) for defendants.

KNOWLES, District Judge.   This cause was commenced in the district court for Silver Bow county, state of Montana.   Defendants filed their petition for a removal of the cause from that court to this.   The parties are citizens of Montana.   If this court has jurisdiction of this cause, it must be that its determination involves the decision of a federal question. Plaintiff brought its action in equity to quiet its title to the Blue Bird vein or lode, which it is alleged departs in its dip from the side lines of the Blue Bird lode claim into ground called the "Little Darling Lode," which is owned in part by defendants.   Both plaintiff and defendants have a patent title to their respective claims.   The petition for removal sets forth that plaintiff claims to have within the limits of its lode claim a certain vein, lode, ledge, or mineral deposit, carrying silver and other precious metals, which has its apex or top within the boundary lines of its said claim; and that said vein or lode is such a one as is within the meaning of the acts of congress mentioned in sections 2320, 2322, and 2325 of the Revised Statutes of the United States.   It is further asserted that plaintiff claims that this Blue Bird vein or lode has its top or apex within the boundaries of the Blue Bird claim, and that said apex is crossed by the

end lines of said claim. The said petition also shows that defendants deny that the said Blue Bird vein, as found within the Blue Bird claim, is a vein, lode, or ledge of rock in place, bearing silver and other precious metals, within the meaning of sections 2320 and 2322 of said Revised Statutes. They deny that the veins or deposits in dispute lying within the boundaries of the Little Darling claim have their apexes or tops within the boundary lines of the said Blue Bird claim. They also deny that the apex of what is called the "Blue Bird Vein," under a proper and correct definition of the word "apex" as used in said Revised Statutes, is crossed by the end lines of the said Blue Bird claim, and aver that said vein runs out at least one of the surveyed side lines of said Blue Bird claim. They also set forth that, notwithstanding the said Blue Bird vein or lode does cross the end lines of said claim, plaintiff claims the right to follow the same outside of the vertical side lines of said claim beneath the surface of the Little Darling claim. They further set forth that the vein within the Blue Bird claim is not such a vein as, under the laws of congress, plaintiff is permitted to follow outside of the side lines of its claim, and is not a vein or lode, within the meaning of the aforesaid sections of the said Revised Statutes. They further show that there is a dispute as to whether the vein or lode of plaintiff and that of the Little Darling are distinct veins or lodes. And, lastly, they aver that plaintiff claims the right to drift and cross-cut through the country rock of the said Little Darling claim for the purpose of reaching the ore deposits in dispute, and to use such cross-cuts or drifts, which defendants deny. Much is set forth in this petition which is not thought to be of sufficient importance to be set forth in this opinion. I think the points sought to be presented might have been presented in fewer words.

The first question for discussion is as to the dispute as to whether the Blue Bird vein, lode, or ledge is such a one as is referred to in the mineral acts of congress. This is not a question of law, but of fact. Language used in an act of congress should be construed according to its ordinary and natural import. Sedg. St. & Const. Law, § 220; *Waller* v. *Harris*, 20 Wend. 555; *Martin* v. *Hunter's Lessee*, 1 Wheat. 305. When the meaning of the terms "vein," "lode," or "ledge" is sought, we do not go to the mineral acts of congress, but to the miners who use these terms. Said Justice FIELD in the *Eureka Case*, 4 Sawy. 302, in discussing these terms:

"These acts were not drawn by geologists or for geologists; they were not framed in the interest of science, and consequently with scientific accuracy in the use of terms. They were framed for the protection of miners in the claims which they had located and developed, and should receive such a construction as will carry out this purpose."

In this case the learned justice shows that the miners made definitions of these terms before they were made by scientific men. Hence, in determining what is a "vein," "lode," or "ledge" of rock in place, bearing silver or other precious metals, miners themselves must be called in. What is their understanding of the meaning of these terms must control or give meaning to the acts of congress. If a dispute as to whether a

given deposit is a "vein," "lode," or "ledge" makes a federal question, then every case involving a dispute as to mineral lands could be drawn into the national courts.

As to what is the "top" or "apex" of a vein is also a question of fact, and not of law. These words are not scientific expressions, but words in common use, the meaning of which a common dictionary will determine. There is an issue, it appears, as to whether or not the apex of the Blue Bird vein is cut by the end or side line of the Blue Bird claim. This is an issue of fact, to be determined by the evidence. Admitting that, if it should be determined in favor of defendants, then there would be presented a federal question, still, until that question is determined, there must be doubt as to whether or not a federal question is presented; and, when there is a doubt upon this point, the federal courts never take jurisdiction of a case. Said Judge CALDWELL in *Fitzgerald* v. *Missouri Pac. R. Co.*, 45 Fed. Rep. 812: "When it is settled that the jurisdiction of a court in a removal cause is doubtful, all doubt as to what the court should do is dispelled, and the cause is remanded." But if it should appear that the apex of the Blue Bird vein did not pass through the end lines of that claim, but passed through one end line and one side line, then the rights of plaintiff, at least, are determined by the case of *Iron Silver Min. Co.* v. *Elgin Mining & Smelting Co.*, 118 U. S. 196, 6 Sup. Ct. Rep. 1177. And when a proposition has once been decided by the supreme court of the United States it no longer involves a federal question. Dill. Rem. Causes, (5th Ed.) § 79; *State* v. *Bradley*, 26 Fed. Rep. 289.

As to the right of plaintiff to follow its vein outside of its side lines, if its apex is not cut by both end lines of its claim, was fully determined in the case of *Iron Silver Min. Co.* v. *Elgin Mining & Smelting Co.*, *supra*, just referred to.

The point as to the dispute as to the identity of the Blue Bird and Little Darling lodes or veins is a question of fact. Where the contest is about facts only, no federal question is presented. *Austin* v. *Gagan*, 39 Fed. Rep. 626.

The question of the right of plaintiff to cross-cut through the country rock of the Little Darling claim is not involved in the determination of this case, and, if it was, this right would be determined by sections 1495, 1496, Comp. St. Mont., and not by any act of congress.

The general question as to whether there was presented a federal question when the right of a holder of a lode claim to follow a vein or lode, whose apex lies within the boundaries of his claim, into the premises held by another beneath the surface of the same, was decided by Judge HANFORD in the case of *Murray* v. *Mining Co.*, 45 Fed. Rep. 385. This was a case involving a dispute about the same ground, and must be considered as fully covering this point.

There cannot be much dispute but that, when the United States has parted with its title to land, any dispute concerning the same which does not draw in question the validity of the grant by which the title was conveyed presents no federal question. *Trafton* v. *Nougues*, 4 Sawy. 178;

*Romie* v. *Casanova*, 91 U. S. 380; *McStay* v. *Friedman*, 92 U. S. 723; *Hoadley* v. *San Francisco*, 94 U. S. 4.

The conveyance by a patent of a vein or lode whose top or apex is within the limits of a mining claim, and whose apex is cut by the end lines of the claim, is as complete and full as the conveyance of the surface of the claim or of any piece or parcel of agricultural land. The grant is of this vein or lode throughout its entire depth, extended downward vertically, although it may so far depart from a perpendicular in its course downward as to extend outside the vertical side lines of the surface location. Rev. St. U. S. § 2322. As far as this lode or vein is concerned, it is in the nature of the conveyance of a mine which may be carved out of any portion of land embracing the same. If there is any dispute as to the question of boundaries, this is a question of fact. If there is any dispute as to whether any portion of land is that conveyed, it is a question of fact. If there is any dispute as to whether a given parcel of land is a vein or lode, we consult men experienced in mining, and determine the question as a fact, and not as a matter of law. If we wish to learn what is a "vein," "lode," or "ledge" containing precious metals, we must take the ordinary signification of these words as used by practical men devoted to the calling of mining. Should we have to go to scientific men for a definition of these words, this would not make it a question of law. If it is said that the object is to ascertain in what sense the term was used in the act of congress, and therefore a legal question to be determined by the federal courts as a federal question, the answer is that, if this should be maintained, then, whenever a party should allege that he wished to determine the meaning of any term, such as an acre of land, or a section of land, as used in an act of congress, then a federal question would be presented. This would hardly be contended for. Finding, as I do, that no federal question is presented in this case, the motion to remand this cause to the state court from which it came is hereby sustained; and it is so ordered.