EVANS, ADMR., RESPONDENT, *v.* OREGON SHORT LINE R. R. CO., APPELLANT.

(No. 3,529.)

(Submitted May 11, 1915.    Decided June 9, 1915.)

[149 Pac. 715.]

*Bills of Exceptions — Preparation — Unlawful Extension of Time—Jurisdiction—Presumptions.*

Bill of Exceptions—Extension of Time—Loss of Jurisdiction.
   1.   Where the district court granted extensions of time for the preparation of a bill of exceptions upon motion for new trial amounting in all to ninety-four days, without the consent of the adverse party, contrary to the express provision of section 7190, Revised Codes, which limits such extensions to ninety days, it lost jurisdiction to determine the motion.

Same—Loss of Jurisdiction—Effect.
   2.   Where the trial court had lost jurisdiction to determine a motion for new trial, neither waiver by failure to object, nor an express stipulation to that effect, nor anything done by opposing counsel at the hearing, could restore it.

Appeal and Error—Regularity—Presumptions.
   3.   The presumption of regularity attaching to new trial proceedings in the lower court, was overcome where the record affirmatively disclosed that jurisdiction had been lost to determine the motion.

Jurisdiction—How Assailed.
   4.   If a court has lost jurisdiction, a judgment or order entered in the action is a nullity, and when the infirmity appears upon its face, may be assailed either on appeal, or by motion to set aside, or by objection when introduced in evidence.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by John M. Evans, Jr., administrator of Gene Bare, against the Oregon Short Line Railroad Company. From a judgment for plaintiff and an order denying it a new trial, defendant appeals. Affirmed.

*Mr. J. L. Wines* and *Mr. E. M. Bagley,* for Appellant, submitted a brief; *Mr. Wines* argued the cause orally.

*Mr. B. K. Wheeler* and *Mr. R. L. Ballou,* for Respondent, submitted a brief; *Mr. Homer G. Murphy,* of Counsel, argued the cause orally.

Under sections 6788 and 7190, Revised Codes, the granting of the last extension of time to prepare and serve the bill of exceptions was a nullity, and the court lost jurisdiction of the cause for the purpose of settling a bill of exceptions. (*Lengelsen* v. *McGregor* (Ind.) 70 N. E. 248; *Rigler* v. *Rigler,* 120 Ind. 431, 22 N. E. 776; *Riverside Rubber Co.* v. *Midland Mfg. Co.,* 63 Ohio St. 66, 57 N. E. 958; *Neuman* v. *Becker,* 54 Ohio St. 323, 46 N. E. 706; *Walker* v. *Equitable Mortgage Co.,* 100 Ga. 84, 26 S. E. 75; 33 Cyc. 38; *Daugherty* v. *Western Union Tel. Co.* (C. C.), 61 Fed. 138.) After expiration of the time allowed, the judge loses jurisdiction over the subject matter, and cannot be reclothed with it by agreement of the parties. (*Long* v. *Newhouse,* 57 Ohio St. 348, 49 N. E. 79; *Morris* v. *Watson,* 61 Ill. App. 536.) A failure of the stenographer to prepare the longhand manuscript of the evidence, though the party excepting has been diligent, is ineffectual as an excuse for signing or filing of a bill after time. (*Horbach* v. *City of Omaha,* 49 Neb. 851, 69 N. W. 121.) Pressure of official business upon the trial judge furnishes no reason or authority for him to sign a bill after the time has expired. (*Walker* v. *Equitable Mortgage Co.,* 100 Ga. 84, 26 S. E. 75.)

The whole matter of the extension of time is regulated by statute, and, in order to procure the settling of a bill of excep-

tions, parties desiring such settlement must bring themselves within the law upon the subject. (*Hanscom* v. *Lantry,* 48 Neb. 665, 67 N. W. 762.) A record showing no waiver affords no inference that a waiver occurred. (Hayne's New Trial and Appellate Procedure, 80; *Loughborough* v. *McNevin,* 74 Cal. 250, 5 Am. St. Rep. 435, 14 Pac. 369, 15 Pac. 773.)

In 4 Standard Encylopedia of Procedure, 352, the general rule is laid down as follows: "A bill of exceptions presented to and signed by the trial judge after the expiration of the time lawfully fixed is without authority or jurisdiction and amounts to nothing more than if signed by the clerk." (*Daugherty* v. *Western Union Tel. Co.,* 61 Fed. 138; *Lengelsen* v. *McGregor,* 162 Ind. 258, 67 N. E. 524, 70 N. E. 248; *Rigler* v. *Rigler,* 120 Ind. 431, 22 N. E. 776; *Riverside Rubber Co.* v. *Midland Mfg. Co.,* 63 Ohio St. 66, 57 N. E. 958; *Morris* v. *Watson,* 61 Ill. App. 536; *Newman* v. *Becker,* 54 Ohio St. 323, 46 N. E. 706.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought under the Federal Employers' Liability Act (Act April 22, 1908, Chap. 149, 35 Stat. 65, and Amendment, Act April 5, 1910, Chap. 143, 36 Stat. 291, U. S. Comp. Stats. Supp. 1913, secs. 8657–8665). The plaintiff is the administrator of the estate of Gene Bare, deceased, and recovery is sought for damages for the death of Bare, caused by a collision of a passenger train of the defendant with two freight-cars, which were running wild on the defendant's main line near Kidd Station, in Beaverhead county. The beneficiaries named in the complaint are the father and mother of the deceased, who, it is alleged, were dependent upon him for support. A trial had to a jury resulted in a verdict and judgment for plaintiff for $12,000. Upon consideration of defendant's motion for a new trial, the court made a conditional order, reducing the amount of the verdict to $7,500. Plaintiff complied with the order by filing with the clerk his written consent that the amount of the award might be so reduced and that

the judgment be modified accordingly. The defendant has appealed from the judgment as modified, and from an order denying its motion for a new trial.

After the defendant had filed its brief in this court, counsel for plaintiff moved to dismiss the appeals, alleging several reasons why they should not be considered on the merits. Decision of the motion was deferred until final hearing. Now that the hearing has been had and we have reached the conclusion that the judgment must be affirmed on the merits and that the appeal from the order may not be considered, for the reasons to be hereafter stated, it is not necessary to decide the motion. We, therefore, pass it without further notice.

The appeal from the order cannot be considered because the bill of exceptions in support of the motion was served and [1] filed out of time, as appears from a recital of the anterior proceedings. The original judgment was entered on November 18, 1913. The notice of intention was served and filed on November 19. On November 21, upon application of counsel for defendant, the court granted an extension of time for the preparation and filing of the bill of exceptions and affidavits for sixty days, in addition to the ten days allowed by the statute. On January 5, 1914, an additional extension of thirty days was granted. On February 16, 1914, still another extension was granted for fifteen days. The bill was served on March 3, and settled and ordered filed on April 6. Thus it appears that, making allowance for the ten days granted by the statute after service of the notice of intention, the extensions amounted to ninety-four days. All of them were allowed by the court without the consent of counsel for plaintiff, and apparently in their absence, "upon good cause shown" by counsel for defendant. No amendments to the bill were proposed by counsel for plaintiff when it was served, nor, apparently, were counsel for plaintiff present at the time of the settlement. The bill was accompanied by an affidavit alleging misconduct during the trial by B. K. Wheeler, one of counsel for plaintiff. This was not incorporated in the bill of exceptions by appro-

priate reference or otherwise, but a copy is found in the record certified by the clerk.

Our statute prescribes the grounds upon which a motion for a new trial may be made (Rev. Codes, sec. 6794), and also the course of proceedings to be observed (secs. 6795, 6796). These provisions are exclusive. (*Ogle* v. *Potter,* 24 Mont. 501, 62 Pac. 920; *Wright* v. *Mathews,* 28 Mont. 442, 72 Pac. 820; *Canning* v. *Fried,* 48 Mont. 560, 139 Pac. 448; *Kirk* v. *Smith,* 49 Mont. 196, 141 Pac. 149.) To give the court jurisdiction, the notice of intention must be given within the time prescribed by section 6796, and the subsequent proceedings must conform to the requirements of sections 6795 and 6796. If the bill of exceptions upon which the motion is to be based has already been settled as provided in section 6788, nothing further than the giving of the notice is required. When the motion is based upon affidavits they must be served and filed as prescribed by section 6796. When it is made upon the minutes of the court, the only antecedent step required is the giving of the notice. A statement of the case must be prepared after the motion has been disposed of, by the party who desires to appeal. Under section 6796, as well as section 6788, the court may grant extensions of time for the preparation of the documents to be made the basis of the motion. Under the general provision on this subject found in section 7190, an extension may be made for any purpose relating to the preparation of a bill of exceptions on motion for a new trial, "upon good cause shown," but in no case may the extension exceed ninety days without the consent of the adverse party. These provisions being exclusive, though remedial in their nature, a failure to observe them is fatal to the motion, except in so far as the court may excuse the failure upon a showing of mistake, surprise, inadvertence or excusable neglect by the moving party. Consideration of the extent of the power of the court in this behalf is not pertinent here, because the record is silent as to why consent for the last extension on February 16, 1914, was not secured. Under the holding of the cases cited *supra,* the bill of exceptions presented

after the extension of ninety days was too late, with the result that the court was without jurisdiction to determine the motion upon its merits.

It is true that counsel for plaintiff appeared and submitted [2] the motion without objection, but whether they did this with or without objection is not important. If the proceedings had lapsed entirely and the court was without jurisdiction over it, its power to hear and determine the motion could not be restored even by stipulation of the parties. A mere waiver by failure to object was not more effective. While the pre- [3] sumption of regularity attaches to the proceedings, the presumption is entirely overcome when the record, as here, discloses affirmatively that the court had lost jurisdiction. Nor do we think that counsel, by complying with the conditional order in agreeing to remit a portion of the judgment, precluded themselves from thereafter questioning the power of the court to make it. While it is true that the record was open to them, and proper attention to it would have disclosed that the court had been wholly devested of power to dispose of the motion, and therefore to impose any condition, as stated before, nothing done at the time of the hearing, nor thereafter, could again restore or confer the power which the court had lost. If a court has not jurisdiction of the subject of an action, a judgment rendered therein does not adjudicate anything. It does not [4] bind the parties, nor can it thereafter be made the foundation of any right. It is merely a nullity without life or vigor. Even an Act of the legislature cannot give it life. The infirmity appearing upon its face, its validity can be assailed on appeal or by motion to set it aside, in the court which rendered it, or by objection to it when an effort is made to use it as evidence in any other proceeding to establish a right. The same principle applies to an order made on motion for a new trial or an order in any other proceeding when the court is without, or has lost, jurisdiction.

Counsel for the defendant has not furnished us with a brief disclosing their views of what their rights are in the anomalous

situation in which the record places them; but once the necessary conclusion has been reached that the trial court lost jurisdiction to determine the motion on its merits, the conclusion is equally necessary that this court cannot consider and determine it.

The evident purpose of the appeal from the judgment was to obtain a stay of execution pending a disposition of the appeal from the order, for no question is presented in the brief of counsel except such as could be raised only on motion for a new trial. The order must be affirmed for the reasons stated.

Plaintiff's compliance with the conditional order, thus indicating his assent to the modification of the judgment, was, we think, a voluntary concession that the award by the jury was excessive. The judgment as modified is therefore affirmed.

*Modified and affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.

Rehearing denied June 29, 1915.