ESTERBY, Respondent, *v.* JUSTICE COURT OF HELLGATE
TOWNSHIP IN AND FOR MISSOULA COUNTY, ET AL.,
APPELLANTS.
No. 9175.
Submitted January 8, 1953.   Decided April 30, 1953.
256 Pac. (2d) 544.

Mr. Arnold Olsen, Atty. Gen., Mr. Leif Erickson, Spec. Asst. Atty. Gen., and Mr. Wesley Castles, Co. Atty., Missoula, for appellant.

Messrs. Shallenberger & Paddock, Missoula, for respondent.

Mr. Erickson and Mr. Shallenberger argued orally.

MR. JUSTICE ANGSTMAN:

The determinative question presented by this appeal is whether the court had jurisdiction to enter the judgment appealed from. This in turn depends upon whether the affidavit of imputed bias and prejudice on the part of the judge was timely filed.

The facts are these: Defendant Catlin, a practicing photographer in Missoula, filed a criminal complaint in the defendant justice court against plaintiff Esterby, charging him with practicing photography without a license.

Before the case was brought to trial in the justice court, Esterby, admitting that he has no license to practice photography under R. C. M. 1947, secs. 66-1701 to 66-1714, commenced these proceedings in the district court of Missoula county asking for a judgment declaring those sections of the law unconstitu-

tional for several reasons and asking for a writ of prohibition or other appropriate writ prohibiting defendant justice court from taking any further proceedings in the case pending therein. Upon the filing of the complaint an order was made directing the issuance of a writ of prohibition commanding the justice court to desist and refrain from further proceedings until further order of the court and commanding the justice court and the justice of the peace "to appear before the above entitled court at the court house in the City of Missoula, County of Missoula, State of Montana, on the 21st day of November, 1950, at the hour of ten o'clock A. M., or as soon thereafter as counsel may be heard, then and there to show cause why all further proceedings in the said action should not be absolutely and permanently restrained and prohibited. It is further ordered that the said writ, when issued, be served upon the said court and justice at least ten days prior to the day herein fixed for return and hearing." The writ was issued on October 27, 1950, pursuant to the order and in the same language. It was served on October 28, 1950.

On November 24, 1950, defendants filed a demurrer to the complaint. Their answer was filed December 27th. On December 29th, plaintiff filed his reply. An affidavit of disqualification of Judge Besancon for imputed bias and prejudice was filed on behalf of defendants on April 13, 1951. On April 19th, Judge Besancon entered an order striking the affidavit from the files. In this order Judge Besancon recites:

"It seems the entire issue in this case, as framed by the pleadings, is whether the alternative writ of prohibition issued on October 27th should be made permanent. This matter came on for hearing before this Court on the day set, November 21, 1950, and after discussion and on the request and motion of the defendants, the hearing was continued until November 30th, on which last date it was again continued by consent of all parties to December 9th, and on December 9th the Court ruled on the demurrer submitted by the defendants, and the Court's best recollection is that the request was made to further con-

tinue the hearing. On April 4, 1951, on the request of the plaintiff, the hearing was set for April 25th, at 10 A. M. During that long period from December 9th until April 4th, the matter was just continued with the consent of all parties, but not to any fixed date. The affidavit of prejudice filed on April 13th comes after all these continuances, and is too late.

"* * * The date for hearing on the order to show cause and any and all other matters in this action, because heretofore the parties had agreed that everything in the case should be heard at one time, remains set for hearing on April 25th, at 10 A. M."

The case proceeded to trial, resulting in judgment for plaintiff, from which judgment defendants have appealed.

It was evidently Judge Besancon's view that the return date stated in the writ, viz., November 21, 1950, constituted "the day appointed or fixed for the hearing or trial" within the meaning of R. C. M. 1947, sec. 93-901, and that since the affidavit of disqualification was not filed at least five days before that time it came too late.

The case of State ex rel. Jacobs v. District Court, 48 Mont. 410, 138 Pac. 1091, is relied on as supporting the action of Judge Besancon in striking the affidavit of disqualification.

Under our practice the return day fixed in a writ fixes the time for filing a return to the writ. R. C. M. 1947, sec. 93-9204, adopts for writs of prohibition most of the statutes governing the practice applicable to writs of mandamus. R. C. M. 1947, sec. 93-9106, being one of the sections made applicable to writs of prohibition, provides that the party served with the writ may show cause by answer under oath, made in the same manner as an answer to a complaint in a civil action. If the answer raises material fact questions, the court in its discretion may order them tried before a jury. R. C. M. 1947, sec. 93-9107. That is the general practice elsewhere. 55 C. J. S., Mandamus, sec. 272, page 508.

Where, as here, defendant appeared by filing a demurrer which first had to be disposed of, and later filed an answer, and to which the plaintiff later filed a reply, "the day

appointed or fixed for the hearing or trial'' was not November 21, 1950, before issue was joined by the pleadings, but was April 25, 1951, the time when the trial actually took place upon the issues framed by the pleadings.

Section 93-901 is explicit in granting the right to disqualify a judge ''at least five days before the day appointed or fixed for the hearing or trial''. To the extent that the Jacobs case holds otherwise the same is in conflict with the statute and is hereby expressly overruled.

The affidavit of disqualification was filed in time and deprived Judge Besancon of jursidiction in the case. The judgment rendered by him thereafter was null and void. Evans v. Oregon Short Line Ry. Co., 51 Mont. 107, 149 Pac. 715; In re Woodside-Florence Irr. Dist., 121 Mont. 346, 194 Pac. (2d) 241.

The judgment is set aside and the cause remanded for further proceedings consistent with this opinion.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES BOTTOMLY, FREEBOURN and ANDERSON, concur.