JOHN W. MEAD, Relator and Appellant, v. LUCILLE MEAD, Defendant and Respondent.

No. 9697.

332 Pac. (2d) 499.

Submitted May 27, 1958. Decided Aug. 7, 1958.

Rehearing Denied Dec. 17, 1958.

D. A. Paddock, Robert R. Skelton, Missoula, Robert R. Skelton argued orally, for appellant.

C. W. Leapheart, Jr., Helena, argued orally, for respondent.

MR. CHIEF JUSTICE HARRISON:

This appeal arose out of the following circumstances:

On June 10, 1954, the relator, John W. Mead, obtained a decree of divorce from the respondent, Lucille Mead. Under the terms of the decree John Mead was awarded the full custody of their minor children, and removed them to the State of Washington.

Thereafter, Lucille Mead petitioned to have the decree amended. The petition was granted over the objections of John Mead, and an amendment of the decree of divorce was effected, transferring the custody of the children from the father to the mother.

On April 11, 1955, Lucille Mead took the children from

Tacoma, Washington, and removed them to the State of Montana.

On October 26, 1955, John Mead petitioned the district court, for a writ of habeas corpus commanding Lucille Mead to have the bodies of the minor children before the court at a time and place therein to be specified, for the reason that the decree of modification was illegal and void because it was rendered while the children were outside the State of Montana, and in the State of Washington in his care.

The Honorable Albert Besancon, judge of the district court of the fourth judicial district, on October 27, made and entered an order for a writ of habeas corpus to issue directing Lucille Mead to have the bodies of the children in his courtroom on the 31st day of October.

The alternative writ issued out of the court on October 28, directed to Lucille Mead. On that same day she filed an affidavit disqualifying the Honorable Albert Besancon.

Judge C. E. Comer then assumed jurisdiction of the cause on the same day. In the order assuming jurisdiction it is noted that a carbon copy of the order was sent to Judge Besancon, to the attorneys for the petitioner, and to the attorneys for the respondent.

On the day he assumed jurisdiction, that is October 28, Judge Comer set the matter for hearing on November 2. It should be noted that October 28 was Friday.

John Mead, the petitioner, filed an affidavit of disqualification on October 31, disqualifying Judge Comer.

Lucille Mead filed a motion to quash the alternative writ of habeas corpus on November 2, 1955.

On January 7, 1956, judgment was entered by Judge Comer, in which he recited that the alternative writ of habeas corpus came on regularly for hearing on the 31st day of October 1955, before him. He recited that the court "deeming it proper to strike from the files the affidavit seeking to disqualify the said C. E. Comer upon being advised by the relator's counsel that the affidavit was filed by reason of asserted prejudices of law

held by the said Judge, and the Court further deeming it proper to sustain the motion to quash the said writ filed herein on behalf of the respondent, the custody of the children having been once before determined by this Court in the proceedings referred to in the relator's complaint, and that therefore the principle of *res adjudicata* applies and the Court deeming it proper to refuse to admit any evidence to be offered in support of the relator's petition and that judgment be granted summarily to the respondent and the relator being entitled to no relief whatever under his petition,

"Now, Therefore, It Is Hereby Adjudged and Decreed, that the aforesaid affidavit of disqualification be, and the same is hereby stricken from the files and records herein, and that the motion to quash on behalf of the respondent be, and the same is hereby, sustained, and that the respondent do, and she does hereby, have judgment herein dismissing the relator's complaint and that the relator be dismissed hence without any relief whatsoever, and that in all other respects the respondent do, and she does hereby, have judgment against the relator."

Although Judge Comer recited in his judgment that the alternative writ of habeas corpus came on regularly for hearing on October 31st, the journal entries make it clear that the matter was set for hearing by Judge Comer on October 28, for November 2, two days later than the original order made by Judge Besancon. Also there is a journal entry which indicates that the hearing came on regularly on November 2. The date of the hearing, insofar as the timeliness of the disqualification is concerned, was November 2, not October 31. (Esterby v. Justice Court, 127 Mont. 1, 5, 256 Pac. (2d) 544, overruling State ex rel. Jacobs v. District Court, 48 Mont. 410, 138 Pac. 1091, on this point.)

The petitioner, relator John Mead, appealed from the judgment of the district court on the ground that the court erred in striking the affidavit disqualifying the Honorable C. E. Comer; and that the court erred in proceeding to hear the said

matter and cause after the affidavit of disqualification had been filed.

R.C.M. 1947, section 93-901, provides in part: "Such second or subsequent affidavit of disqualification shall be filed with the clerk of the district court in which such action, motion or proceeding may be pending within three days after the party or his attorney of record, filing such affidavit, has received notice as to the judge assuming jurisdiction of such action, motion or proceeding."

The statute expressly grants the party three days after he has received notice as to the judge assuming jurisdiction within which to file his affidavit of disqualification. Following the reasoning in the Esterby case, supra, we hold that the affidavit of disqualification was filed in time and deprived Judge Comer of jurisdiction in the case. The judgment rendered by him thereafter was null and void. Evans v. Oregon Short Line R. Co., 51 Mont. 107, 149 Pac. 715; In re Woodside-Florence Irr. Dist., 121 Mont. 346, 194 Pac. (2d) 241; Esterby v. Justice Court, supra, 127 Mont. 1, 5, 256 Pac. (2d) 544; State ex rel. Montana State University v. District Court, 132 Mont. 262, 317 Pac. (2d) 309.

The judgment is set aside and the cause remanded for further proceedings consistent with this opinion.

MR. JUSTICES CASTLES, BOTTOMLY and ANGSTMAN, concur.

MR. JUSTICE ADAIR:

I concur in the result but not in all that is said in the foregoing majority opinion.