394 P.2d 323

**LEWISTON LIME CO., a corporation,
Plaintiff-Respondent,**

v.

**Jack BARNEY and Althea T. Barney,
his wife, et al., Defendants-Appellants.**

**No. 9330.**

Supreme Court of Idaho.

July 21, 1964.

Vernon K. Smith, Boise, for appellants.

Clements & Clements, Lewiston, Riddell, Williams, Voorhees, Ivie & Bullitt, Seattle, Wash., for respondent.

McQUADE, Justice.

Respondent, an Idaho corporation, instituted this suit to quiet title to six unpatented lode mining claims known as Jeanette Creek Quartz Claims Nos. 1 through 6, located in Warren (Marshall Mountain) Mining District, near Burgdorf, in Idaho County. Respondent obtained title to the claims in 1960 by deed of conveyance from Jeanette Creek Mining and Exploration Corporation, in whom title to the property had been quieted against certain of the appellants herein, in an earlier action.

In 1961 some of the appellants were among those against whom title had been quieted in favor of Jeanette Mining and Exploration Corporation. Subsequently, appellants proceeded to locate a placer claim on a mineral deposit comprised of quartz and silica situated within respondent's

Jeanette Creek Quartz Claim No. 1. Thereafter appellants applied to the United States Department of the Interior for a patent to their placer claim. Respondent filed a protest to the appellants' application for the patent and as a result the patent proceedings were stayed pending a final determination of the rights and interests of both parties to the mineral deposit.

At the time respondent instituted the present action to quiet title, a preliminary injunction was also requested barring appellants from entering upon or interfering with respondent's possession of the Jeanette Creek Quartz Mining Claims.

 During oral argument the question arose as to authority and jurisdiction of the district courts of Idaho to proceed with a quiet title action instituted as a result of an adverse claim being filed in a federal patent proceeding. In respect to such claims, the Act of May 10, 1872, Ch. 152, § .7, 17 Stat. 93, 30 U.S.C.A. § 30, provides in part:

"Where an adverse claim is filed during the period of publication, it shall be upon oath of the person or persons making the same, and shall show the nature, boundaries, and extent of such adverse claim, and all proceedings, except the publication of notice and making and filing of the affidavit thereof, shall be stayed until the controversy shall have been settled or decided by a court of competent jurisdiction, or the adverse claim waived. It shall be the duty of the adverse claimant, within thirty days after filing his claim, to commence proceedings in a court of competent jurisdiction, to determine the question of the right of possession, and prosecute the same with reasonable diligence to final judgment; and a failure so to do shall be a waiver of his adverse claim. * * *"

The purpose of this statute is to require conflicting claims of all parties to be adjudicated and settled in a court of competent jurisdiction. Enterprise Min. Co. v. Rico-Aspen Consolidated Min. Co., 66 F. 200, 13 C.C.A. 390 (Colo.1895), affirmed 167 U.S. 108, 17 S.Ct. 762, 42 L.Ed. 96 (1897). See also Richmond Min. Co. v. Rose, 114 U.S. 576, 584, 5 S.Ct. 1055, 29 L.Ed. 273 (Nev.1885); Mason v. Washington-Butte Min. Co., 214 F. 32, 35, 130 C.C.A. 426 (Mont.1914); Hoffman v. Beecher, 12 Mont. 489, 31 P. 92 (1892).

 The district courts of the State of Idaho have jurisdiction of actions to quiet title. I.C. § 1–705; Whitney v. Randall, 58 Idaho 49, 70 P.2d 384. Under the above-noted authorities the district courts have jurisdiction to quiet title in actions resulting from adverse claims filed in federal patent proceedings.

As noted earlier, this case arose because respondent is protesting appellants' application for a patent to certain mineral deposits. The respondent's complaint is in the nature of a quiet title action, and at the time of the filing of the complaint the respondent filed a motion for a preliminary injunction to enjoin the appellants from entering upon the mining claims and removing any ore or mineral therefrom.

On July 24, 1962, Hal Baker, one of the appellants, filed an affidavit of prejudice to disqualify Judge Cramer from hearing said motion. On July 24th, Judge Cramer struck the affidavit as not being timely filed. On the same date appellant also filed a motion for preliminary injunction against the respondent. Since both parties sought injunctions, Judge Cramer then set the hearing over until August 9, 1962. The hearing was held and a preliminary injunction was granted to respondent.

Appellants have assigned several errors allegedly committed by the trial court. The first asserted error is directed at Judge Cramer for striking the affidavit of disqualification. The affidavit was executed pursuant to I.C. § 1–1801(4), reciting that the affiant Baker had reason to believe that he could not have a fair and impartial hearing before Judge Cramer. I.C. § 1–1801(4) requires that such an affidavit of disqualification "shall be filed with the Clerk of the District Court * * * at least five (5) days before the day appointed or fixed for the hearing or trial * * *."

Respondent urges, following the ruling of Judge Cramer, that the affidavit was untimely in that it was not filed at least five days before July 24, 1962, the time originally designated for the hearing of respondent's motion for preliminary injunction. With this contention we do not agree. In Davis v. Irwin, 65 Idaho 77, 139 P.2d 474, it was noted:

"* * * The limitation as to time of making the motion was evidently incorporated in the statute, to enable the presiding judge to call in another judge or transfer the case to another county or district for trial and thus avoid delay in disposition of the case." 65 Idaho at p. 87, 139 P.2d at p. 478.

It would be a strict and strained construction of I.C. § 1–1801(4) to hold that the filing of an affidavit for disqualification would be untimely, when the hearing at which the affidavit is directed is actually held more than five days after the filing of the affidavit and where the presiding judge has had ample notice and time to transfer the cause to another court or judge.

A similar situation arose in Montana in the case of Esterby v. Justice Court of Hellgate Township, 127 Mont. 1, 256 P.2d 544 (1953). The Esterby case involved a hearing on the issuance of a writ of pro-

hibition. The hearing was originally scheduled for November 21, 1950, but was continued until November 30, 1950, then to December 9, 1950, and then continued indefinitely. On April 4, 1951, at the request of the plaintiff, the hearing was set for April 25, 1961. The defendants filed an affidavit of disqualification against the trial judge. The judge struck the affidavit, ruling that November 21, 1950, constituted "the day appointed or fixed for the hearing or trial;" and since the affidavit was not filed at least five days before that date, pursuant to statute, it was untimely. In overruling this act of the trial judge, the Supreme Court of Montana held:

"Where as here, defendant appeared by filing a demurrer which first had to be disposed of, and later filed an answer, and to which the plaintiff later filed a reply, 'the day appointed or fixed for the hearing or trial' was not November 21, 1950, before issue was joined by the pleadings, but was April 25, 1951, the time when the trial actually took place upon the issues framed by the pleadings.

\* \* \* \* \* \*

"The affidavit of disqualification was filed in time and deprived Judge Besancon of jurisdiction in the case. The judgment rendered by him thereafter was null and void. \* \* \*"

■ Here, because Judge Cramer reset the hearing for another date, the appellant Baker's affidavit for disqualification was timely filed, i. e., more than five days before the time when the hearing was actually held, and thereby disqualified Judge Cramer. All of the proceedings, findings, conclusions and orders in this action, after the affidavit of prejudice was filed, were improper, void and of no effect. Price v. Featherstone, 64 Idaho 312, 130 P.2d 853, 143 A.L.R. 407; Esterby v. Justice Court of Hellgate Township, supra.

For a proper disposition of this case and in aid of further proceedings on trial, this court will undertake to resolve some of the issues raised in the hearing below and argued in this appeal by the parties. I.C. § 1–205.

■ Respondent correctly points out that appellants assert several assignments of error (Nos. 2–9) directed at the findings and conclusions of the court below, and merely stating that those findings and conclusions are erroneous without specifying the particulars wherein the alleged errors exist.

"It has been uniformly held by this court that it will not review an assignment which does not point out the particulars in which the alleged error consists." Louk v. Patten, 58 Idaho 334, 343, 73 P.2d 949, 953.

"An appellate court must content itself with examining alleged errors spe-

cifically pointed out; it cannot wade through the record, and search the law relating to the subject involved, to determine whether any error was committed by the trial court." Bain v. Olsen, 39 Idaho 170, 173, 226 P. 668, 669.

We deem it proper to counsel appellants that any assignment merely asserting that some finding or conclusion of the trial court was erroneous is not a specific assignment of error under Supreme Court Rule 41 and will not be reviewed on appeal.

Appellants also assign error to the determination of the trial court that a prior action, Idaho County Civil Case No. 5769 (hereinafter referred to as case No. 5769) between the Jeanette Creek Mining and Exploration Corporation, respondent's predecessor, and certain of the appellants herein, was a quiet title action and res judicata as to the proceedings in the court below. Again it must be noted that the trial court had no jurisdiction to reach any such conclusion; however, resolving the effect of case No. 5769 on the present case will be of aid to the court to whom these proceedings must be remanded. Case No. 5769 was entitled and conducted as a "quiet title action." It involved the same property and mining claims as we are concerned with here. The parties to that action, as noted above, were the Jeanette Creek Mining and Exploration Corporation, respondent's predecessor, as plaintiff, and certain of the appellants in this case, to-wit: Jack Barney and his wife, Althea Barney; John Boehm and his wife, Joyce Boehm; Harry Fry and his wife, Ardath Fry; as defendants. Other persons named as defendants in case No. 5769 are not among the appellants in this suit and the other appellants herein were not defendants in case No. 5769.

■ Our quiet title statute, I.C. § 6–401, provides that:

"An action may be brought by any person against another who claims an estate or interest in real or personal property adverse to him, for the purpose of determining such adverse claim."

Every estate or interest known to the law in real property, whether legal or equitable, may be determined in an action to quiet title. Coleman v. Jaggers, 12 Idaho 125, 85 P. 894. It has been held that I.C. § 6–401 applies to the quieting of adverse claims of individuals to land where the title to such land is in the United States. Crandall v. Goss, 30 Idaho 661, 167 P. 1025.

Case No. 5769, though not concerned with settling the "title" to the property, did settle the "interests" or "rights" of the parties in the mining claims. The decree in that case recites:

II.

"That title to said mining claims described in the preceding paragraph

hereof be and the same hereby is quieted in the plaintiff (Jeanette Creek Mining and Exploration Corporation, respondent's predecessor), against the adverse claims and assertions of the defendants and each of them, both known and unknown, subject only to the paramount title of the United States of America.

### III.

"That none of the defendants or parties to this action, either known or unknown, listed and set forth in the caption of this action and this decree, other than plaintiff, Jeanette Creek Mining and Exploration Corporation, a corporation (respondent's predecessor), have any right, title, interest, estate, lien, equity, demand or claim either jointly or severally or otherwise, in, of, and to said mining claims described in paragraph I of this decree, or any part or parcel thereof, and that said parties; and each of them, and all persons claiming by, through, or under them, as well as all persons claiming by, through, or under any of said parties whose interests were not of record in Idaho County, Idaho, prior to the filing of this action, both known and unknown, be and they hereby are, and each and every one of them hereby is, forever foreclosed, debarred and enjoined from asserting any estate, right, title, claim, demand, or interest, either jointly or severally, in or to said claims and property described in paragraph I of this Decree, or any part or parcel thereof adverse to the plaintiff (respondent's predecessor)."

The appellants urge that the decree in case No. 5769 could not be res judicata in the present action for three reasons. The first reason, that the complaint in case No. 5769 failed to describe the property there involved in an identifying manner, has no merit. The complaint listed the various mining claims involved as:

" * * * about one (1) mile Northerly from Burgdorf, in Warren (Marshall Mountain) Mining District, County of Idaho, State of Idaho, described as follows, to-wit:

"Jeanette Creek Quartz Claim No. 1;
"Jeanette Creek Quartz Claim No. 2;
"Jeanette Creek Quartz Claim No. 3;
"Jeanette Creek Quartz Claim No. 4;
"Jeanette Creek Quartz Claim No. 5; and
"Jeanette Creek Quartz Claim No. 6, the original and Amended Location Notices of which are of record in Book '78' of Mining Claims, at Pages 281, 282, 285, 287, 288, 289, and 290, Records of Idaho County Idaho."

In Hedrick v. Lee, 39 Idaho 42, 49, 227 P. 27, 29:

"The general rule is that a judgment involving the right to possession of real

property must sufficiently describe it to enable an officer charged with the duty of executing a writ of possession to go upon the ground, and, without exercising judicial functions, ascertain the locality of the lines as fixed by the judgment. * * *"

See also: Norrie v. Fleming, 62 Idaho 381, 112 P.2d 482.

█ In case No. 5769 the mining claims were described specifically by name and number, stating the county and mining district wherein the claims were located and the distance from the nearest village. The description also referred to the location notices of record in the county wherein the claims were situated, giving the number of the record book and the pages whereon the claims were recorded. The decree in case No. 5769 . also contained the metes and bounds description of the claims. There was sufficient description to ascertain the location of the claims affected by the judgment in that case.

█ Appellants also urge that case No. 5769 could not be res judicata because of the dissimilarity of the parties of that case as concerned with the present action. Had there been a complete dissimilarity, we would agree with appellants. However, to the extent that any of the parties in the present proceeding or their privies were involved in the case No. 5769, those parties

are subject to the application of res judicata.

A judgment in an action bars subsequent litigation between the same parties or their privies on all matters which were litigated and decided in the action. Robinson v. Robinson, 70 Idaho 122, 212 P.2d 1031; Gibbs v. Claar, 59 Idaho 763, 87 P.2d 471; Village of Heyburn v. Security S. & T. Co., 55 Idaho 732, 49 P.2d 258; King v. Richardson, 54 Idaho 420, 33 P.2d 1070; Joyce v. Murphy Land, etc., Co., 35 Idaho 549, 208 P. 241.

█ To the extent that any issues raised in the present proceeding were litigated in case No. 5769, the principle of res judicata applies against the apellants Jack and Althea Barney, John and Joyce Boehm, Harry and Ardath Fry, and any other of the appellants who stand in privity with the above-named parties. This is so, even though the judgment in case No. 5769 was entered by default. Robinson v. Robinson, supra. Case No. 5769 was not res judicata as to the appellants Hal and Jane Doe Baker, Matie Young and spouse, and Paradise Placers, Inc., unless those appellants are or were privies of the parties in case No. 5769.

It is further contended that case No. 5769 could not have been res judicata as to any of the appellants because the present proceeding involved a new issue, that is,

whether the mining claim covering the mineral deposit in question was properly located as a lode claim or whether it should have been located as a placer claim.

The particular quartz silicon deposit here involved is a peak of mineral-bearing rock protruding above the surrounding terrain in Jeanette Creek Quartz Claim No. 1, having dimensions of approximately 300' x 500' in perimeter and approximately 75' in height.

 Whether any particular mineralized area or given parcel of land is properly locatable as a lode claim or a placer claim is a question of fact to be determined by the trier of the facts after receiving evidence on that issue. Blue Bird Min. Co. v. Largey, 49 F. 289 (C.C.Mont.1892). See also: Iron Silver Min. Co. v. Cheesman, 116 U.S. 529, 537, 6 S.Ct. 481, 29 L.Ed. 712 (Colo.1886); Largey v. Blue Bird Min. Co., 49 F. 292 (C.C.Mont.1892); Hyman v. Wheeler, 29 F. 347 (C.C.Colo.1886); Columbia Copper Min. Co. v. Duchess Min., etc., Co., 13 Wyo. 244, 256, 79 P. 385 (1905); Illinois Silver Min. & Mill. Co. v. Raff, 7 N.M. 336, 34 P. 544 (1893). See also: 58 C.J.S. Mines and Minerals § 3, p. 31.

If the mineral deposit in Jeanette Creek Quartz Claim No. 1 was properly locatable as a lode claim, then there is no merit to appellants' third argument that case No. 5769 was not res judicata to the present proceeding. Upon rehearing of this case the question of whether the mineral deposit should be located as a lode claim or a placer claim may then be resolved.

The order is reversed and the case is remanded for further proceedings.

Costs to appellants.

KNUDSON, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.