603 P.2d 586

STATE of Idaho, Plaintiff-Respondent,

v.

Jeffrey C. CHRISTENSEN, Defendant-Appellant.

No. 12928.

Supreme Court of Idaho.

Nov. 30, 1979.

Ronald L. Swafford of Swafford & Stucki, Idaho Falls, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Chief Justice.

On November 18, 1977, a petition was filed in magistrate division of the Seventh Judicial District in the interest of appellant Jeffrey C. Christensen, a child then fifteen years of age. The petition alleged that appellant committed the first degree murder of his father, John Christensen, on July 27, 1977. Thereafter, pursuant to I.C. § 16–1806, the state petitioned for waiver of jurisdiction under the Youth Rehabilitation Act (hereinafter, Y.R.A.) and for an order permitting it to try appellant as an adult. A transfer hearing was conducted and the petition for waiver was dismissed. On November 28, 1977, a second petition for waiver was filed and after the hearing on that petition, the presiding magistrate

waived Y.R.A. jurisdiction and ordered appellant held for adult criminal proceedings.

Appeal was taken to the district court, which reversed and remanded, citing as error the failure of the magistrate's findings to comply with the requirements laid down in *State v. Gibbs,* 94 Idaho 908, 500 P.2d 209 (1972), and I.C. § 16–1806. In reversing the waiver order, the court emphasized the statement in *Gibbs* that "[e]ach criterion [upon which the waiver decision may permissibly be based] requires that the child's potential for rehabilitation be evaluated in terms of his present state of development and the availability of facilities, programs and personnel capable of providing effective individualized treatment." 94 Idaho at 916, 500 P.2d at 217.

On December 29, 1977, the state again petitioned for waiver of Y.R.A. jurisdiction. The magistrate who presided over the earlier proceedings disqualified himself and the hearing was conducted before a different magistrate. In addition to evidence of the circumstances surrounding the alleged murder, the court heard testimony from several experts concerning appellant's psychological profile, the nature of the facilities and programs available for his treatment, and the effects such programs might have. Idaho Code § 16–1806 (1977 Idaho Sess.Laws ch. 165, § 2, p. 427, and hence applicable), was enacted after *Gibbs* and sets forth the considerations upon which the magistrate's decision shall be based:

"(8) In considering whether or not to waive juvenile court jurisdiction over the child, the juvenile court shall consider the following factors:

(a) The seriousness of the offense and whether the protection of the community requires isolation of the child beyond that afforded by juvenile facilities;

(b) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

(c) Whether the alleged offense was against persons or property, greater weight being given to offenses against persons;

(d) The maturity of the child as determined by considerations of his home, environment, emotional attitude, and pattern of living;

(e) The child's record and previous history of contacts with the juvenile justice system;

(f) The likelihood of rehabilitation of the child by use of facilities available to the court;
. . ."

The amount of weight to be given each of the factors is discretionary with the magistrate, and the decision to waive Y.R.A. jurisdiction may be based on any one or a combination of the factors. I.C. § 16–1806(8)(g). After the hearing in the instant case, the magistrate found the alleged offense was serious, was against a person, and was done in an aggressive, violent and premeditated manner. He found appellant's previous history of contacts with the juvenile justice system included two instances of auto theft, the most recent of which involved the exhibition and display of a hand gun; a runaway; and petty larceny. The magistrate further found rehabilitation of appellant might easily require confinement for a period of time past his 21st birthday, at which time Y.R.A. jurisdiction would be lost. After considering these factors, the magistrate concluded that protection of the community required isolation of appellant beyond that afforded by available juvenile facilities, and that the ends of justice were better served by waiving Y.R.A. jurisdiction. The district court again reviewed the case on the record as an appellate court, and the waiver of Y.R.A. jurisdiction was affirmed. Appellant now appeals to this Court.

■ Appellant initially contends the magistrate abused his discretion in waiving Y.R.A. jurisdiction, because, in his view, the evidence showed he was amenable to rehabilitation under juvenile authority. However, contrary to appellant's assertion, there is ample competent evidence in the record from which the magistrate reasonably concluded appellant is a dangerous individual; that a real possibility exists that he will *not*

be rehabilitated before he reaches the age of 21; and that protection of the community requires his isolation beyond that afforded by the juvenile facilities.

 The district court, sitting as an intermediate appellate court, correctly applied the rule that findings based on substantial and competent, albeit conflicting, evidence will not be set aside on appeal. I.R.C.P. 52(a), 83(u)(1); *Hawkins v. Hawkins,* 99 Idaho 785, 589 P.2d 532 (1978). Even if we assume, arguendo, that the magistrate erred in finding appellant unsuitable for juvenile rehabilitation, that alone would not compel reversal of the waiver. Subsection (g) of I.C. 16–1806(8) expressly authorizes the magistrate to waive Y.R.A. jurisdiction based solely on any one of the several enumerated factors. The magistrate here based his decision on a combination of all seven factors, each of which was clearly supported by evidence in the record and thus we find no error.

 Appellant next urges the magistrate erred in permitting three expert witnesses to testify after they had read a transcript of the testimony given earlier by another witness. Appellant had requested that all witnesses not under examination be excluded from the courtroom. The request was granted and only those witnesses actually testifying were allowed to be present at the hearing. I.R.C.P. 43(b)(10) provides: "If either party requests it the judge *may* exclude from the courtroom any or all witnesses, not at the time under examination, so that he may not hear the testimony of other witnesses." (emphasis added) Thus, the decision to grant or deny a request for exclusion of witnesses from the courtroom is a matter committed to the sound discretion of the court. *Paine v. Strom,* 51 Idaho 532, 6 P.2d 849 (1931). Since the granting or denial of the request for exclusion is discretionary in the first instance, it follows that permitting exceptions to or variation of the sequestration order must also lie within the court's discretion, as does the nature of the sanction imposed, if any, for violation of the order. In *Harkins v. Ikeda,* 57 Haw. 378, 557 P.2d 788 (1976), the Ha-

waii Supreme Court found no error in the trial court's refusal to disqualify an expert medical witness who admitted having previously read depositions of other experts which had been read into evidence. "[E]ven if there was a violation of the rule, the sanctions which a court chooses to attach to the violations of its order is a matter within the discretion of that court." *Id.* at 792. In the instant case, two of the state's expert witnesses testified and were excused. When the alleged violation of the sequestration order was brought out during the direct examination of the state's third expert witness, counsel for appellant objected to any further testimony by him, and moved that all earlier testimony by him be stricken. No similar motion was made regarding the testimony of the other two experts, whose testimony was more favorable to appellant. On voir dire by the court, the witness to whose testimony objection was made testified that the tests and results upon which his testimony was based were purely objective and that his testimony was in no way influenced by that of the earlier witness. The refusal to exclude the testimony of the state's expert witnesses was entirely within the magistrate's discretion, and we find no abuse thereof.

 Appellant next argues the magistrate erred in permitting testimony concerning certain dismissed felony charges and misdemeanor offenses. However, appellant fails to note that I.C. § 16–1806(8)(e) expressly compels the magistrate to consider "[t]he child's record and previous history of contacts with the juvenile justice system." It was entirely proper for the magistrate, in considering appellant's record and history of previous contacts with the juvenile justice system, to allow testimony concerning his misdemeanor offenses and dismissed felony charges. As there is nothing in the Y.R.A. to indicate the legislature, in referring to a child's "record" and "contacts with the juvenile justice system," intended to limit the magistrate's consideration to felony type conduct only, we find no error.

Appellant also contends certain inculpatory statements made by him were improperly obtained by the state and therefore should not have been considered by the magistrate. Appellant ignores the distinction between this transfer hearing and a hearing to determine guilt or innocence. The sole function of the transfer hearing is to determine whether the interests of the child and society are best served by Y.R.A. proceedings or by adult proceedings. Idaho Code §§ 16–1806(5) and 16–1813 provide that the hearings upon which the determination is made are to be informal in nature. As such, we find no error in the magistrate's consideration of the statements in question. We express no opinion as to their admissibility in a criminal proceeding.

The decision of the district court affirming waiver of Y.R.A. jurisdiction and transfer of appellant for adult criminal proceedings is affirmed.

BAKES, McFADDEN, and BISTLINE, JJ., and DUNLAP, J., Pro Tem, concur.