846 P.2d 194

**In the Interest of John Zamora, a child under eighteen (18) years of age.**

**John ZAMORA, Appellant–Appellant on Appeal,**

**v.**

**STATE of Idaho, Respondent–Respondent on Appeal.**

**No. 18793.**

Supreme Court of Idaho,
Boise, December 1991 Term.

Nov. 25, 1992.

Rehearing Denied Jan. 29, 1993.

Dissenting Opinion on Rehearing of Justice Bistline Jan 29, 1993.

Ling, Nielsen, and Robinson, Rupert, for appellant.   Roger D. Ling argued.

Larry EchoHawk, Atty. Gen. and Joel D. Horton, Deputy Atty. Gen., argued, Boise, for respondent.

## I.   BACKGROUND

PER CURIAM.[1]

John Zamora, as a seventeen year old attending high school, on the verge of reaching the age of eighteen, was charged by the State of Idaho of violating I.C. § 18–8006 (aggravated DUI) and I.C. § 18–8007 (leaving the scene of an injury causing accident) under a petition pursuant to the Youth Rehabilitation Act.   The State charged that he was the driver of a GMC Jimmy which was involved in a one vehicle accident wherein Zamora and two passengers in the vehicle were injured.

The State also petitioned the court for a waiver of juvenile jurisdiction.   Magistrate Roy Holloway granted the motion.   After the order waiving jurisdiction was entered, the State refiled the charges against Zamora, charging him as an adult.

Zamora appealed the magistrate's order to the district court which, in affirming the waiver of jurisdiction, held that the juvenile court did not have original jurisdiction in this case because traffic violations are exempted from the Youth Rehabilitation Act ("YRA").   Even though the district court found the juvenile court did not have jurisdiction by operation of statute, it went on to affirm the order on the merits.

Zamora argues on appeal that:  (1) the district court erred in concluding that the juvenile court did not have original jurisdiction over the cause; (2) the findings of the magistrate do not support the decision to waive jurisdiction; and (3) the magistrate did not conduct the "full investigation" required by I.C. § 16–1806.

The Court has concluded that the magistrate's order should be affirmed for the reasons expressed below.

---

1.  BOYLE, J. sat, but did not participate due to    his resignation on March 31, 1992.

## II. DISCUSSION

1. *The Juvenile Court Had Original Jurisdiction Over This Cause Because Neither of The Charges Here Is a "Traffic Offense" as That Term is Used in I.C. § 16–1803.*

Idaho Code § 16–1803 provides, in relevant part:

[T]he court shall have exclusive, original jurisdiction over any child and over any adult who was a child at the time of any act, omission or status ... in the following cases:

. . . .

2. Where the act or omission is a violation of any federal, state, local or municipal law or ordinance which would be a crime if committed by an adult, regardless of where the same occurred, except traffic, watercraft ... [and] fish and game violations.

■ The district court found, and the State contends, that there is no juvenile jurisdiction over the charges alleged here because they are "traffic violations" for purposes of I.C. § 16–1803(2). After examining the relevant statutes, we conclude that the juvenile court did have original jurisdiction over the criminal charges alleged to have been committed by Zamora.

The phrase "traffic violation" is not defined in the YRA. *See* Idaho Code tit. 16, ch. 18 (Youth Rehabilitation Act of 1989). However, the Motor Vehicle Code, I.C. § 49–123(5), defines "violation" as "a conviction of a misdemeanor charge involving a moving traffic violation, or an admission or judicial determination of the commission of an infraction involving a moving traffic infraction...." The Penal Code defines the term somewhat differently, to wit: "[w]henever the word[ ] ... violation [is] used in the entire Idaho Code ... [it] shall be construed to mean a misdemeanor...." I.C. § 18–111B. The offenses charged here are felonies.

Thus, even though it is not clear whether the legislature intends the term "violation"

to mean a misdemeanor (per I.C. § 18–111B) or a misdemeanor or traffic infraction (per I.C. § 49–123(5)), it is clear that a felony is not included within either statute. Accordingly, we interpret I.C. § 16–1804 to divest the court of juvenile jurisdiction over traffic offenses which are misdemeanors (*e.g.*, reckless driving), but not to divest the court of jurisdiction over traffic offenses which are felonies.[2] Otherwise stated, felony traffic offenses are not excluded from juvenile jurisdiction as traffic violations because felonies are not "violations" under the YRA.

We hold that the district court erred in holding that the juvenile court did not have jurisdiction over the charges laid against Zamora; hence the order waiving jurisdiction cannot be upheld on that basis. Nevertheless, the Court has determined that the order of the magistrate judge should be affirmed for the reasons expressed below.

2. *The Magistrate's Findings Support the Order.*

■ An order waiving juvenile jurisdiction is reviewed under the abuse of discretion standard. *See State v. Christensen*, 100 Idaho 631, 633, 603 P.2d 586, 588 (1979). To determine whether discretion has been abused, the Court must ascertain: first, whether the trial court correctly perceived the issue as one requiring the exercise of discretion; second, whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and, third, whether the court reached its conclusion by an exercise of reason. *Sun Valley Shopping Center v. Idaho Power*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

The magistrate based his decision on I.C. § 16–1806(8), which provides:

(8) In considering whether or not to waive juvenile jurisdiction over the child, the juvenile court shall consider the following factors:

---

2. All traffic infractions are excluded from juvenile jurisdiction because infractions are civil in nature. I.C. § 49–1502. Idaho Code § 16–1803 limits juvenile jurisdiction to acts which would be a crime if committed by an adult.

(a) The seriousness of the offense and whether the protection of the community requires isolation of the child beyond that afforded by juvenile facilities;

(b) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

(c) Whether the alleged offense was against persons or property, greater weight being given to offenses against persons;

(d) The maturity of the child as determined by considerations of his home, environment, emotional attitude, and pattern of living;

(e) The child's record and previous history of contacts with the juvenile justice system;

(f) The likelihood of rehabilitation of the child by use of facilities available to the court;

(g) The amount of weight to be given to each of factors listed in subsection (8) of this section is discretionary with the court, and a determination that the minor is not a fit and proper subject to be dealt with under the juvenile law may be based on any one or a combination of the factors set forth above, which shall be recited in the order of waiver.

The magistrate's findings track the factors listed in I.C. § 16–1806(8). He found:

(a) that the offenses were of a substantially serious nature but that the protection of society did not necessarily require incarceration of Zamora;

(b) that the offenses were not committed in an aggressive, violent, premeditated or wilful manner but were the result of alcohol consumption exhibiting a gross disregard for the rights and safety of others;

(c) that the offense was against persons, but that Zamora did not intend to inflict injury upon the passengers in the truck;

(d) that Zamora is a mature, responsible individual who is married and living on his own;

(e) that Zamora has a 'very good record' and his previous contacts with the juvenile system were of 'no particular concern';

(f) that, although 'the court [was] without specific information regarding the need for "rehabilitation" in this particular case,' it appeared that the juvenile facilities available were not designed for an individual the age and maturity level of Zamora.

The magistrate noted that Zamora's high level of maturity was a particularly compelling factor in his decision to waive juvenile jurisdiction. He wrote that "[t]his factor, coupled with the serious nature of the offenses, convinces this court that it is a compelling case for waiver of juvenile jurisdiction."

In cases like this one, where a youth has allegedly committed an offense before reaching eighteen years of age but is not charged until after reaching adulthood, a court must first refer to I.C. § 16–1806(1) when deciding whether to waive jurisdiction. That section provides:

(1) After the filing of a petition and after full investigation and hearing, the court may waive jurisdiction under the youth rehabilitation act over the child and order the child to be held for adult criminal proceedings when:

(a) A child is alleged to have committed an act after he or she became fourteen (14) years of age which would be a crime if committed by an adult; or

(b) An adult at the time of the filing of the petition is alleged to have committed an act prior to his having become eighteen (18) years of age which would be a felony if committed by an adult, and the court finds that the adult is not committable to an institution for the mentally deficient or mentally ill, is not treatable in any available institution or facility available to the state designed for the care and treatment of children, or that the safety of the community requires the adult continue under restraint; or

(c) An adult already under the jurisdiction of the court is alleged to have committed a crime while an adult.

The court, as a threshold matter, must determine whether the accused falls within subsection (1)(a), (b), or (c). Only those individuals who fall "into" or "within" one of those three categories are subject to waiver. If the accused falls within subsection (1)(a), the court may waive jurisdiction, but only after considering the subsection (8) factors (as noted above, subsection (8) contains the mandatory language "shall" in considering the factors listed when deciding whether to waive juvenile jurisdiction).

In this case, Zamora falls within subsection (1)(b) because the charged act occurred when he was seventeen, but he was not charged until he was eighteen. Pursuant to subsection (1)(b), the magistrate was required to find that: 1) Zamora was not committable to an institution for the mentally ill or deficient, 2) he was not treatable in the juvenile system, or, 3) the safety of the community required that Zamora remain under restraint before he could be considered for waiver. Instead, the magistrate focused exclusively on the subsection (8) factors and did not address the subsection (1)(b) factors at all. This error, however, did not prejudice Zamora because the magistrate, in considering subsection (8)(f) (the likelihood of rehabilitation by the use of facilities available to the court) found one of the required subsection (1) factors, that it appeared that Zamora could not benefit from any treatment programs available in the juvenile system. Because the magistrate made all of the findings required to waive jurisdiction, and because it appears that the magistrate's failure to separately consider the subsection (1)(b) waiver factors before considering the subsection (8) factors had no effect on the magistrate's ultimate decision, a reversal cannot be predicated upon that error.

We have reviewed the record and have determined that the magistrate was aware that the decision whether to waive jurisdiction was one of discretion; that he acted within the outer boundaries of that discretion and consistently with the legal standards applicable to it; and that he reached his decision by the exercise of reason. Based upon the factors set forth in *Sun Valley Shopping Center*, 119 Idaho at 94, 803 P.2d at 1001, we conclude that the court did not abuse its discretion when it waived jurisdiction based upon the seriousness of the offense and the maturity factor.

### 3. The Court Conducted the Required Investigation.

Zamora also argues that the court did not conduct a "full investigation" as required by I.C. § 16–1806. In *Gibbs* we said that "[a] valid waiver must be based on a specific finding, supported by substantial and competent evidence obtained in the "full investigation" required by statute, that the defendant is not amenable to rehabilitative treatment under the juvenile court jurisdiction." *State v. Gibbs*, 94 Idaho 908, 917, 500 P.2d 209, 218 (1972). Zamora notes that the investigation submitted to the court does not address Zamora's need for rehabilitation or the rehabilitative services available to Zamora through the court.

Again, *Gibbs* does not control because of the 1977 amendments. At the time *Gibbs* was decided, there was no statutory definition of "full investigation." We held as a matter of statutory interpretation that a full investigation must include information about the youth's amenability to the treatment that is available to the youth through juvenile court. The 1977 amendment to the statute requires a "full and complete investigation" only "of the circumstances of the alleged offense...." I.C. § 16–1806(3). The magistrate here did order a full investigation of the circumstances of the alleged offenses, and considered the investigation before arriving at his ruling. Thus, he complied with I.C. § 16–1806(3).

### III.  CONCLUSION

We affirm the magistrate's order waiving jurisdiction and remand the cause for further proceedings not inconsistent with this opinion.

BISTLINE, Justice, dissenting on denial of petition for rehearing.

This office was initially assigned the responsibility for preparing the opinion for

the Court in this matter, and after much research and careful consideration, a proposed majority opinion was circulated to the Court as it was then comprised.[1] That opinion as originally drafted was revised considerably at the request of the other members of the Court, and in attempting to expedite the matter, this justice was brought to joining the majority, which in retrospect, involves the element of collegiality. However, upon having this opportunity to write on the denial of the petition for rehearing, it is refreshing to dust off that original proposed opinion and present it anew. The conclusion of that opinion would have reversed and remanded the cause for further consideration, which would have been a much better and more just result.

That initial draft opinion read:

John Zamora, as a seventeen year old youth attending high school, on the verge of reaching the age of eighteen, was charged by the State of Idaho of violating I.C. § 18–8006 (aggravated DUI) and I.C. § 18–8007 (leaving the scene of an injury causing accident) under a petition pursuant to the Youth Rehabilitation Act. The State charged he was the driver of a GMC Jimmy which was involved in a one vehicle accident. Zamora and two passengers in the vehicle were injured.

The State also petitioned the court for a waiver of juvenile jurisdiction. Magistrate Roy Holloway granted the motion. After the order waiving jurisdiction was entered, the State refiled the charges against Zamora charging him as an adult.

Zamora appealed the magistrate's order to the district court. The district court, in affirming the waiver of jurisdiction, held that the juvenile court did not have original jurisdiction in this case because traffic violations are exempted from the Youth Rehabilitation Act ("YRA"). Even though the district court found the juvenile court did not have jurisdiction by operation of statute, it

went on to affirm the order on the merits.

Zamora argues on appeal: (1) that the juvenile court did have original jurisdiction over the cause; (2) that the court's findings of fact do not support the decision to waive jurisdiction; and (3) that the court did not conduct the "full investigation" required by I.C. § 16–1806(1).

## 1. THE JUVENILE COURT HAD ORIGINAL JURISDICTION OVER THIS CASE BECAUSE NEITHER OF THE CHARGES HERE IS A "TRAFFIC VIOLATION" AS THAT TERM IS USED IN I.C. § 16–1803.

Idaho Code § 16–1803 provides, in relevant part:

[T]he court shall have exclusive, original jurisdiction over any child and over any adult who was a child at the time of any act, omission or status ... in the following cases:

2. Where the act or omission is a violation of any federal, state, local or municipal law or ordinance which would be a crime if committed by an adult, regardless of where the same occurred, except traffic, watercraft ... [and] fish and game violations.

The district court found, and the State contends, that there is no juvenile jurisdiction over the charges alleged here because they are "traffic violations" for purposes of I.C. § 16–1803(2). After examining the relevant statutes, we conclude that the juvenile court did have original jurisdiction over the criminal charges alleged to have been committed by Zamora.

The phrase "traffic violation" is not defined in the YRA. See I.C. tit. 16, ch. 18 (Youth Rehabilitation Act of 1989). However, the Motor Vehicle Code, I.C. § 49–123(5), defines "violation" as "a conviction of a misdemeanor charge involving a moving traffic violation, or an admission or judicial determination of the commission of an infraction involving a

---

1. Bakes, C.J., Bistline, Johnson, and McDevitt, JJ. Boyle, J., sat, but did not participate due to his resignation on March 30, 1992.

moving traffic infraction...." Somewhat perplexingly however, the Penal Code states that "[w]henever the word[ ] ... violation [is] used in the entire Idaho Code ... [it] shall be construed to mean a misdemeanor...." I.C. § 18–111B. The offenses which the State has levelled against Zamora are felonies.

Thus, even though it is not clear whether the legislature intends the term "violation" to mean either a misdemeanor (per I.C. § 18–111B) or a misdemeanor or traffic infraction (per I.C. § 49–123(5)), what is clear is that a felony is not included within either definition. Accordingly, I.C. § 16–1804 should be interpreted as divesting the court of juvenile jurisdiction over traffic offenses which are misdemeanors (*e.g.*, reckless driving), but not as divesting the court of jurisdiction over traffic offenses which are felonies. (Otherwise stated, felony traffic offenses are not excluded from juvenile jurisdiction as traffic violations because felonies are not "violations." [2])

We hold that the district court erred when it held that the juvenile court did not have jurisdiction over the charges here, and the order waiving jurisdiction cannot be upheld on that basis.

## 2. THE MAGISTRATE'S FINDINGS DO NOT SUPPORT THE ORDER.

Idaho Code § 16–1806(8) sets forth the criteria the court must consider when determining whether juvenile jurisdiction over a child should be retained or declined. That statute provides:

(8) In considering whether or not to waive juvenile jurisdiction over the child, the juvenile court shall consider the following factors:

(a) The seriousness of the offense and whether the protection of the community requires isolation of the child beyond that afforded by juvenile facilities;

(b) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

(c) Whether the alleged offense was against persons or property, greater weight being given to offenses against persons;

(d) The maturity of the child as determined by considerations of his home, environment, emotional attitude, and pattern of living;

(e) The child's record and previous history of contacts with the juvenile justice system;

(f) The likelihood of rehabilitation of the child by use of facilities available to the court;

(g) The amount of weight to be given to each of factors listed in subsection (8) of this section is discretionary with the court, and a determination that the minor is not a fit and proper subject to be dealt with under the juvenile law may be based on any one or a combination of the factors set forth above, which shall be recited in the order of waiver.

The magistrate's findings track the factors listed in I.C. § 16–1806(8). He found: (a) that the offenses were of a substantially serious nature but that the protection of society did not necessarily require incarceration of Zamora; (b) that the offenses were not committed in an aggressive, violent, premeditated or wilful manner but were the result of alcohol abuse and showed a gross disregard for the rights and safety of others; (c) that the offense was against persons but that Zamora did not intend to inflict injury upon the passengers in the truck; (d) that Zamora is a mature, responsible individual who is married and living on his own; (e) that Zamora has a "very good record" and his previous contacts with the juvenile system are of "no particular concern"; (f) that "the court is without specific information regarding the need for 'rehabilitation' in this particular case" but that it appeared that the juvenile facilities available are not designed for an individual the age and maturity level of Zamora.

---

**2.** All traffic infractions are excluded from juvenile jurisdiction because infractions are civil in nature. I.C. § 49–1502. I.C. § 16–1803 limits juvenile jurisdiction to acts which are crimes.

The magistrate noted that Zamora's high level of maturity was a particularly compelling factor in his decision to waive juvenile jurisdiction. The magistrate wrote that '[t]his factor, coupled with the serious nature of the offenses, convinces this court that it is a compelling case for waiver of juvenile jurisdiction.'

Although an order waiving juvenile jurisdiction has been held reviewable under an abuse of discretion standard, *see State v. Christensen*, 100 Idaho 631, 633, 603 P.2d 586, 588 (1979), this Court has held that the lower court's failure to act 'consistently with the legal standards applicable to the specific choices available to it' is an abuse of discretion. *Sun Valley Shopping Center v. Idaho Power*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). We agree with Zamora's assertion that the magistrate misunderstood the meaning of factor (d) and improperly based the decision to waive jurisdiction on the fact that he is mature. This Court has written that "[j]urisdiction ordinarily is waived when ... the defendant has acquired such a level of emotional or mental maturity that he is not receptive to rehabilitative programs designed for children." *State v. Gibbs*, 94 Idaho 908, 916, 500 P.2d 209, 217 (1972) (footnotes omitted), *see also Wolf v. State*, 99 Idaho 476, 481, 583 P.2d 1011, 1016 (1978) (quoting *Gibbs*). An underlying assumption of our statement in *Gibbs* is that the defendant is in need of rehabilitative treatment. Here, the magistrate found he was 'without specific information regarding the need for "rehabilitation" in this particular case.' Accordingly, Zamora's level of maturity is irrelevant absent that specific information. The court abused its discretion in waiving jurisdiction based on the maturity factor because its decision was based upon an erroneous view of the legal standards applicable to the decision.

Finally, the Court should conclude that the error is not harmless. Even though there were other findings that arguably could support the waiver of jurisdiction, the lower court did not rely on those findings in its order. The only other factor relied upon by the court was the seriousness of the offenses. However, while the gravity of the misconduct is a proper factor to consider, *Wolf v. State*, 99 Idaho at 480, 583 P.2d at 1015, it cannot be the controlling factor. *In re Ferris*, 222 Kan. 104, 110, 563 P.2d 1046, 1053 (Kan.1977) (relied upon in *Wolf*). Further, the magistrate also found several mitigating circumstances in this case, *i.e.*, that incarceration was not necessary to protect society; that the offenses were not committed in an aggressive, violent, premeditated or wilful manner; that Zamora did not intend to inflict injury upon the passengers in the vehicle; and that Zamora's record relative to his previous contacts with the juvenile system were not such to be of particular concern. Had the magistrate realized that Zamora's maturity was irrelevant in the absence of additional information, it is readily doubted that he would have waived jurisdiction.

In sum, this Court should hold that the juvenile court has original jurisdiction over charges of I.C. § 18–8006 (aggravated DUI) and I.C. § 18–8007 (leaving the scene of an injury causing accident). Hence, the order waiving jurisdiction must be reversed because, absent a finding that Zamora needs to be rehabilitated, his maturity does not serve as a sufficient basis for waiving jurisdiction. Zamora also argued that he was deprived of his right to a "full investigation" as required by I.C. § 16–1806(1) because it was not determined whether he needed rehabilitation, but if this cause were to be reversed and remanded, we would not need to address that contention.

Accordingly, this Court should reverse the order waiving jurisdiction and remand the cause for further proceedings. If Zamora should turn twenty-one years old before the case could be reheard and no basis for a valid waiver is established upon remand, the cause should be dismissed. I.C. § 16–1805 provides that juvenile jurisdiction may not be extended past a youth's twenty-first birthday. *See State v. Gibbs*, 94 Idaho at 917, 500 P.2d at 218.

The foregoing would have been a better, more just, and more even-handed result. Unfortunately, this justice was the sole proponent of this result and is once again a lone voice in the wilderness.