80 P.3d 1083

**STATE of Idaho, Plaintiff–Respondent,**

v.

**James KAVAJECZ, Defendant–Appellant.**

No. 27520.

Supreme Court of Idaho,
Boise, September 2003 Term.

Nov. 24, 2003.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant, argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Lori A. Fleming, Deputy Attorney General, argued.

TROUT, Chief Justice.

James Kavajecz appeals from the judgment of conviction and sentence entered upon the jury verdicts finding him guilty of six counts of lewd conduct with a minor child under sixteen years of age. Specifically, Kavajecz claims as error the magistrate court's failure to hold a jurisdictional waiver hearing prior to waiving jurisdiction to the district court, the jury's finding that Kavajecz committed six separate and distinct acts that satisfied the elements of lewd conduct, as well as other related issues.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1998 a minor child (the victim) reported to her mother and subsequently to authorities that from 1992 to 1995, beginning when she was seven or eight years old, she had been repeatedly molested by James Kavajecz, who was thirteen or fourteen years old when the acts occurred. The State then filed a complaint, later amended, which charged Kavajecz with six counts of lewd conduct with a minor under sixteen pursuant to Section 18–1508 of the Idaho Code. Each count of the amended complaint stated that the

molestation occurred from on or about November 1993 until February 1995. Kavajecz's birth date is August 9, 1980.

Although Kavajecz was twenty years old when charged, the State filed its petition under the Juvenile Corrections Act (JCA) in the magistrate division of the district court because of Kavajecz's age at the time of the alleged criminal activity. In a pretrial conference, Kavajecz's attorney requested that the magistrate court waive jurisdiction to the district court, asserting that he wanted a jury trial for his client, something that would not be possible under the magistrate court's jurisdiction pursuant to the JCA. The State did not oppose this motion and the magistrate judge waived jurisdiction without holding a hearing or making findings of fact.

At the conclusion of the trial in district court, the jury returned a verdict of guilty on all six counts and, following a pre-sentence investigation, the trial court sentenced Kavajecz to concurrent twenty-five year terms with eight years fixed. Kavajecz now appeals.

## II.

### THE DISTRICT COURT'S JURISDICTION OVER KAVAJECZ

#### A. Standard of Review

■ "A question of jurisdiction is fundamental; it cannot be ignored when brought to our attention and should be addressed prior to considering the merits of an appeal." *H & V Engineering, Inc. v. Idaho State Bd. of Professional Engineers and Land Surveyors*, 113 Idaho 646, 648, 747 P.2d 55, 57 (1987). "Even if jurisdictional questions are not raised by the parties, we are obligated to address them, when applicable, on our own initiative." *Id.* The question of a court's jurisdiction is a question of law over which this Court exercises free review. *Downey Chiropractic Clinic v. Nampa Restaurant Corp.*, 127 Idaho 283, 285, 900 P.2d 191, 193 (1995).

■ In *State v. Mowrey*, 91 Idaho 693, 695, 429 P.2d 425, 427 (1967), we recognized that "[w]hen there is a defect of jurisdiction,

or the complaint fails to state a cause of action, that is a defect upon the face of the record proper, of which the Supreme Court on appeal will take notice, and when such defects appear the Court will *ex mero motu* dismiss the action." Where it is apparent from the record that the act the defendant was criminally convicted for is not a crime according to the laws of the state, this Court has the authority to vacate the convictions *sua sponte* (*see State v. Byington*, 135 Idaho 621, 624, 21 P.3d 943, 945 (holding "the failure of an indictment to charge a crime is a fundamental defect which can be raised at any time"), *State v. Wood*, 125 Idaho 911, 914, 876 P.2d 1352, 1355 (1993) (holding "an issue not raised in the trial court or on appeal may be addressed when plain or fundamental error exists"), *State v. Lopez*, 98 Idaho 581, 585, 570 P.2d 259, 262 (1976) (finding that "the defense of failure to charge an offense may also be raised at any stage of the proceedings, whether the proceedings are before the trial court or before an appellate court, and may be raised either by the parties or the Court upon its own initiative")).

## B. Kavajecz's Age

■ On its own initiative this Court has raised the question of whether the district court had the authority to try Kavajecz where the evidence indicates that he was apparently thirteen years old when much of the sexual contact occurred with the victim. The charges in the amended complaint state that the lewd conduct occurred from November 1993 to February 1995. Kavajecz's birth date is August 9, 1980, which means during over half of this period of time, from November 1993 until August 8, 1994, Kavajecz was thirteen years old.

Because the victim was so young at the time of the molestations she could not recall specific dates or months when the incidents took place and the prosecution had to reconstruct the timeline of sexual conduct using dates and events that adults in the victim's life remembered, such as her parents' honeymoons, other trips out of town by her parents, and other such events when the victim was left overnight at the Kavajecz home.

The prosecution established at trial that the victim began spending time at the home where Kavajecz was living (the Kavajecz home)—almost always staying overnight— soon after her mother and the defendant's uncle were married in November 1993. The victim's mother and stepfather went on two honeymoons: a short one-night trip in November 1993 and a weeklong trip to Hawaii in April of 1994. In addition, testimony indicated the victim spent a good part of her summer that year at the Kavajecz home and during unspecified periods during these fifteen months she was there sometimes as frequently as every other weekend. Having established that the victim was exposed to Kavajecz during this time period, if Kavajecz molested her during any of these times, he would have been thirteen years old when doing so.

Because the victim also couldn't recall when specific sexual contacts took place relating to each separate count against Kavajecz, the prosecution had to relate the evidence for each count alleging sexual contact using events that had taken place during individual visits, without being able to specify dates or months when those sexual contacts occurred.

## C. Idaho Law

Section 18–216(1) of the Idaho Code establishes that a person may not be tried for or convicted of a criminal offense if "(a) At the time of the conduct charged to constitute the offense he was less than fourteen (14) years of age...." This section further sets forth that jurisdiction may only be waived from a juvenile court to a district court if that person is between the ages of fourteen and seventeen years old. I.C. § 18–216(1)(b). Furthermore, I.C. § 18–216(2) states: "No court shall have jurisdiction to try or convict a person of an offense if criminal proceedings against him are barred by subsection (1) of this section." Based on this statute, the district court's ability to enter convictions against Kavajecz is called into question where Kavajecz was under the age of fourteen during most of the period of alleged sexual contact.

On appeal, the State has argued that jurisdiction over Kavajecz is a subject matter jurisdiction issue. The State asserts that where both the district court and the magistrate's division have subject matter jurisdiction over minors and the district court has been given original jurisdiction by the Idaho Constitution over criminal acts, the district court cannot be denied jurisdiction over Kavajecz by the legislature. While admittedly the statutes quoted above refer to the "jurisdiction" of a court over a juvenile or the waiver of that jurisdiction, there is no question that both the district court and the magistrate's division have subject matter jurisdiction over juveniles. There is simply a difference in procedures and sentencing options depending upon whether the juvenile's case is being handled under the JCA or under the adult felony statutes. The argument about jurisdiction between juvenile and adult court does not address the real issue here of whether the juvenile can even be charged or convicted of a crime.

"It is uniformly held that the power to define crime and fix punishment therefore rests with the legislature . . . ." *Malloroy v. State*, 91 Idaho 914, 915, 435 P.2d 254, 255 (1967). I.C. § 18–216 is the legislature's determination of who is capable of committing a crime. This statute provides that a minor under the age of fourteen cannot be tried for or convicted of an offense which would otherwise be a criminal act if committed by someone over the age of fourteen. The only exception to that is provided by I.C. § 20–509. There, the legislature lists nine serious crimes or categories of crimes for which a minor under the age of fourteen may be criminally tried as an adult if waived into district court pursuant to I.C. § 20–508. Lewd conduct with a minor under the age of sixteen is not an enumerated offense under I.C. § 20–509 for which Kavajecz could have been tried as an adult.

Because it was not determined at trial if the acts for which Kavajecz was convicted occurred when he was thirteen or fourteen years old, and where the evidence appears to indicate that the majority of these acts occurred when Kavajecz was thirteen, we vacate all of Kavajecz's convictions and remand

his case back to the district court for a new trial, including a determination of whether Kavajecz could be convicted of any crime depending on when these acts took place.

Although this Court is vacating Kavajecz's convictions, we will address two additional issues raised in Kavajecz's appeal which may have implications on further proceedings.

## III.

## WAIVER OF JUVENILE JURISDICTION PURSUANT TO I.C. § 20–508

■ On appeal, Kavajecz contends that his waiver from juvenile court to the district court was improper, arguing that the magistrate judge did not conduct a hearing and make findings of fact in accordance with I.C. § 20–508 before waiving jurisdiction over Kavajecz to the district court.

### A. Standard of Review

Because the issue of whether I.C. § 20–508 requires a hearing before jurisdiction over a juvenile may be transferred to district court is a question of law, the standard of review for this Court is one of independent, or free review. *State v. Larios*, 125 Idaho 727, 728, 874 P.2d 538, 539 (1994).

### B. The Requirement of a Hearing

The record shows that Kavajecz himself requested the waiver to district court and that he desired to forego the hearing and findings of fact required by I.C. § 20–508, apparently to save the court time and to ensure his ability to have a trial by jury, a right not afforded in cases brought under the JCA. Kavajecz did not challenge the waiver prior to trial in the district court (and indeed stipulated to the waiver) and raises the issue for the first time on appeal.

This Court has held in *State v. Burnight*, 132 Idaho 654, 978 P.2d 214 (1999), and in *State v. Harwood*, 98 Idaho 793, 572 P.2d 1228 (1977), that a juvenile defendant who fails to challenge a district court's jurisdiction over him prior to trial waives this right on appeal. We find these cases applicable here. Because Kavajecz did not object to the district court's jurisdiction prior to entering a

plea or proceeding to trial, he waived such a right and the issue cannot be raised here.[1]

## IV.

### THE DEFINITION OF LEWD CONDUCT

■ Kavajecz also challenges the jury's determination that he committed lewd conduct with a minor under the age of sixteen by the act of sucking the victim's chest as charged in Count VI of the criminal complaint. Kavajecz argues that this act is not lewd conduct as defined by I.C. § 18–1508.

Section 18–1508 of the Idaho Code defining lewd conduct with a minor under the age of sixteen reads:

> Any person who shall commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, whether between persons of the same or opposite sex, or who shall involve such minor child in any act of bestiality or sado-masochism as defined in section 18–1507, Idaho Code, when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.

The State argues that although the act of touching or kissing the chest of a minor is not specifically listed in this definition, the words "including but not limited to" prior to the specifically-listed contacts allow the statute to include such sexual contact as found in Count VI. We do not agree.

The United State Supreme Court has repeatedly held that "a criminal statute must give fair warning of the conduct that it makes a crime . . .," *Bouie v. City of Colum-*

bia, 378 U.S. 347, 350, 84 S.Ct. 1697, 1701, 12 L.Ed.2d 894, 898 (1964), and "before a man can be punished as a criminal under the [ ] law his case must be 'plainly and unmistakably' within the provisions of some statute." *United States v. Gradwell,* 243 U.S. 476, 485, 37 S.Ct. 407, 411, 61 L.Ed. 857, 864 (1917). Due process requires "what Justice Holmes spoke of as 'fair warning . . . in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear' " *United States v. Lanier,* 520 U.S. 259, 265, 117 S.Ct. 1219, 1224, 137 L.Ed.2d 432, 442 (1997).

In his arguments, Kavajecz has argued that according to the doctrine of *ejusdem generis,* those types of sexual contacts amounting to lewd conduct which potentially fall within the unspecified conduct envisioned by the phrase "including but not limited to" must be of the same gravity and degree of severity as those specified by the statute. Kavajecz argues that if anything, the conduct in Count VI instead should fall within the scope of I.C. § 18–1506, sexual abuse of a child.

The doctrine of *ejusdem generis,* a rule of statutory construction that finds "where general words of a statute follow an enumeration of persons or things, such general words will be construed as meaning persons or things of like or similar class or character to those specifically enumerated," is pertinent in this case. *State v. Hart,* 135 Idaho 827, 831, 25 P.3d 850, 854 (2001). Here, the legislature has specifically listed several types of sexual contact prohibited by law as being lewd conduct. The phrase "any lewd or lascivious act or acts . . . limited to," which is found just prior to the specifically listed types of prohibited sexual contact, is a general term, and according to this rule of construction any type of sexual contact prohibited by the general term must be "of [a] like or similar class or character to those specifically enumerated." Specifically, the act must be one that is

---

1. The language of I.C. § 20–508 requires an actual hearing, with the magistrate making a determination of whether the listed factors have been met before jurisdiction can be waived, and a stipulation by the juvenile to waive the hearing does not satisfy this requirement. However, any objection to a lack of a hearing or to such a stipulation by the juvenile must be raised before the district court or is waived.

found to amount to the severity of lewd conduct.

The act of touching a minor's chest area does not fall within those acts specifically enumerated in I.C. § 18–1508 and is simply not of the same type of activity as the enumerated acts in the statute. We therefore hold that such contact does not fall under I.C. § 18–1508 and Kavajecz cannot be convicted under this statute for such contact.

Because of our decision to vacate the convictions of Kavajecz, there is no need to address the other issues raised by him on appeal.

## V.

## CONCLUSION

Kavajecz's convictions are vacated and this case is remanded to the district court for further proceedings.

Justices SCHROEDER, KIDWELL, EISMANN and BURDICK concur.