IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 42918

| | | |
|---|---|---|
| KLEE MORRISON, | ) | 2015 Unpublished Opinion No. 702 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: November 10, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Order granting motion for summary dismissal, affirmed.

Idaho Legal Defense; Jesse R. Thomas, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Klee Morrison appeals from the district court's order granting the State's motion for summary dismissal of his petition for post-conviction relief. We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

At sixteen years of age, Morrison pled guilty in district court to one felony count of aiding and abetting the unlawful taking of protected wildlife. The incident involved the unlawful killing of up to three bull elk. Morrison waived a preliminary hearing, and a judgment of conviction was issued on January 29, 2001, and then amended on May 21, 2001. Morrison violated probation several times and his sentence was ordered executed on November 18, 2004. He was paroled in 2006. Thirteen years after the entry of judgment, Morrison petitioned for post-conviction relief. Morrison claimed that the district court lacked subject matter jurisdiction to hear his case because he was a juvenile at the time he committed the fish and game offense.

1

Morrison also asserted that his post-conviction petition was not barred by the one-year statute of limitations because jurisdictional issues may be raised at any time, and therefore he is entitled to equitable tolling of the one-year limitation. After hearing oral argument, the district court rejected Morrison's petition as untimely. Morrison timely appeals.

## II.

## ANALYSIS

Morrison asserts that the district court erred by granting the State's motion for summary disposition based on the untimeliness of the petition. A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations,

unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary

hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997). Here, the district court granted the State's motion for summary disposition, finding that the petition was untimely because the petitioner failed to challenge the district court's jurisdiction prior to his plea. We agree.

Morrison claims that subject matter jurisdiction issues create an exception to the one-year time limit to file a post-conviction relief petition because subject matter jurisdiction in the criminal context may be raised at any time. To support his contention, Morrison asserts that the statute giving juvenile court jurisdiction over minors applies to the appellant's fish and game felony. The juvenile jurisdiction statute expressly excludes "fish and game" violations from juvenile jurisdiction, but Morrison argues that felonies are not "violations"[1] as used in I.C. § 20-505. Morrison argues that his fundamental due process rights were violated because the district court never had jurisdiction to sentence him, and so he is entitled to equitable tolling.

The State responds that the petition is untimely regardless of the jurisdictional issue. It claims first that Morrison's petition is untimely because it was filed approximately thirteen years after a final judgment was entered in his criminal case, and the statute of limitations demands that a petition for post-conviction relief be filed within one year from the expiration of the time for appeal or from the determination of appeal, or from the determination of a proceeding following an appeal. Second, the State asserts that the post-conviction relief statute specifically provides that a petitioner can allege that the sentencing court was without jurisdiction, yet the only statutory exception to the one-year limitation is petitions for fingerprint or DNA testing, not

---

[1] The Court in *Zamora v. State*, 123 Idaho 192, 194, 846 P.2d 194, 196 (1992) notes that the motor vehicle code defines violation as a conviction of a misdemeanor charge or the commission of an infraction and the penal code dictates that when violation is used in the Idaho Code, it should be construed to mean a misdemeanor.

4

jurisdictional claims. More particularly, the State argues that while jurisdiction may be challenged at any time in the criminal case, the same is not true in post-conviction, which is a separate civil case. Third, the State argues that Morrison's claims do not fall within any of the well-defined exceptions required to invoke equitable tolling. Specifically, that while a jurisdiction claim may invoke an important due process issue that warrants equitable tolling, the exception is limited to extraordinary circumstances where the failure to timely file were beyond the petitioner's control, and Morrison has failed to provide any such circumstances. Further, the State contends that Morrison's construction of the juvenile jurisdiction statute is erroneous.

The district court found that Morrison's failure to raise the issue of jurisdiction prior to entry of his guilty plea precludes him from raising the issue on appeal. Idaho Supreme Court precedent clearly holds that a juvenile who does not object to a district court's jurisdiction over him prior to trial waives the right to object. *State v. Kavajecz*, 139 Idaho 482, 485, 80 P.3d 1083, 1086 (2003).[2] In *Kavajecz*, the defendant was found guilty in district court of lewd and lascivious conduct with a minor for acts he committed when he was a minor; he appealed. *Id.* at 483, 80 P.3d at 1084. The magistrate court had waived juvenile jurisdiction upon defendant's request without holding a hearing or making any findings of fact. *Id.* The Court held the defendant had waived his appellate argument that jurisdiction was improper because the defendant failed to challenge the district court's jurisdiction prior to trial. *Id.* at 485, 80 P.3d at 1086. In addition, the Court held that the question of juvenile or adult "jurisdiction" is not truly a jurisdictional issue because both the magistrate and district courts have jurisdiction over juveniles[3] *Id.* Therefore, Morrison's juvenile jurisdiction issue was waived by not asserting it before entering his guilty plea, and the district court correctly determined that his appeal was untimely.

---

[2] *See also State v. Burnight*, 132 Idaho 654, 657, 978 P.2d 214, 217 (1999) (holding that a seventeen year old's failure to attack the district court's jurisdiction before his plea on an attempted robbery charge waived his right to raise the issue in later motions or on appeal); *State v. Harwood*, 98 Idaho 793, 795, 572 P.2d 1228, 1230 (1977) (granting of juvenile jurisdiction waiver was not challenged until after trial, and without "a proper and timely attack the court is not divested of jurisdiction to proceed against the accused").

[3] "There is simply a difference in procedures and sentencing options depending upon whether the juvenile's case is being handled under the JCA or under the adult felony statutes." *State v. Kavajecz*, 139 Idaho 482, 485, 80 P.3d 1083, 1086 (2003).

Morrison claims that if the district court had jurisdiction, then equitable tolling should apply to the timeliness of his petition because important due process rights in juvenile proceedings were violated. However, even if tolling were appropriate, it only applies so long as the impediment to filing a petition exists. Morrison makes no claim that the petition could not have been filed years earlier.[4]

## III.

## CONCLUSION

Morrison waived his right to challenge the district court's jurisdiction, he does not raise a proper subject matter jurisdiction claim, and his petition is untimely. The district court's order granting the State's motion for summary dismissal is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

---

[4] We need not address the remaining claims raised by the parties.