874 P.2d 538

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Abel LARIOS, Defendant–Appellant.**

No. 20338.

Supreme Court of Idaho,
Twin Falls, Nov. 1993 Term.

April 25, 1994.

Rehearing Denied June 22, 1994.

Raymundo G. Peña, Rupert, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth (argued), Deputy Atty. Gen., Boise, for plaintiff-respondent.

McDEVITT, Chief Justice.

In this case, we are presented with the issue whether a minor who pleads guilty to a criminal offense which is not enumerated under the automatic waiver provisions of the Youth Rehabilitation Act (YRA) may nevertheless be sentenced as an adult. We conclude that such sentencing is permitted, so long as the hearing required by the YRA in I.C. § 16–1806(8) is held and the court makes the appropriate findings. Because such hearing was not held in this case, we affirm the minor's conviction of voluntary manslaughter, but vacate the sentence and remand for further procedures in accordance with this opinion and the Youth Rehabilitation Act.

Appellant Abel Larios ("Larios"), a seventeen year old, was charged with murder in the second degree pursuant to I.C. § 18–4001, § 18–4002 and § 18–4003, and the enhanced firearm penalty pursuant to I.C. § 19–2520. Larios, although seventeen years old, was charged as an adult pursuant to I.C. § 16–1806A of the YRA. On August 13, 1992, Larios entered into a plea bargain agreement whereby he agreed to admit to the firearm enhanced penalty charge and to plead guilty to voluntary manslaughter. On October 15, 1992, Larios was sentenced as an adult to a determinate period of eight years and an indeterminate period of an additional eight years.

Larios asserts on appeal that he should have been sentenced as a juvenile because voluntary manslaughter is not one of the enumerated violent crimes in I.C. § 16–1806A which allows juveniles to be charged and tried as adults.

## ANALYSIS

As this appeal involves solely a question of law, our standard of review is one of independent, or free review. *In re Hanson,* 121 Idaho 507, 509, 826 P.2d 468, 470 (1992); *Clements Farms, Inc. v. Ben Fish & Son,* 120 Idaho 185, 188, 814 P.2d 917, 920 (1991).

Larios argues that he should not have been sentenced as an adult, but rather should have been sentenced as a juvenile under the provisions of the YRA. I.C. § 16–1806A provides that if a minor is alleged to have committed certain enumerated violent crimes, juvenile jurisdiction under the YRA is automatically waived:

**16–1806A. Violent offenses, controlled substances violations near schools and offenders.**—(1) Any person, age fourteen (14) years to age eighteen (18) years, who is alleged to have committed any of the following crimes:

(a) Murder of any degree or attempted murder;

(b) Robbery;

(c) Rape, but excluding statutory rape;

(d) Forcible sexual penetration by the use of a foreign object;

(e) Infamous crimes against nature, committed by force or violence;

(f) Mayhem;

(g) Assault or battery with the intent to commit any of the above serious felonies; . . . .

shall be charged, arrested and proceeded against by complaint, indictment or information as an adult. All other felonies or misdemeanors charged in the complaint, indictment or information, which are based on the same act or transaction or on one or more acts or transactions as the violent or controlled substances offense shall similarly be charged, arrested and proceeded against as an adult. . . .

(2) Once a juvenile has been charged or indicted pursuant to this section or has been transferred for criminal prosecution pursuant to a waiver hearing, or information and has been found to have committed the offense for which he or she was charged, indicted or transferred, the juvenile shall thereafter be handled in every respect as if he or she were an adult for any subsequent violation of Idaho law.

(3) The sentencing judge of any person convicted pursuant to this section may choose to sentence the convicted person in accordance with the juvenile sentencing options set forth in this act, if a finding is made that adult sentencing measures would be inappropriate.

Larios argues that while it was proper for the state to proceed against him as an adult

when he was originally charged with second degree murder, as this is an enumerated violent crime in I.C. § 16–1806A, it was not proper to proceed against him as an adult after he pled guilty to voluntary manslaughter pursuant to a plea bargain agreement, as this crime is not listed in the automatic waiver provision.[1]

 The question presented is whether Larios should have been sentenced as an adult or a minor. Pursuant to the YRA, we are governed by Larios' age at the time the offense or act was committed. *State v. Anderson*, 108 Idaho 454, 457, 700 P.2d 76, 79 (Ct.App.1985). Larios was seventeen years old on June 8, 1992, the date on which the act was committed and was a minor for purposes of the YRA. Under I.C. § 16–1806A, however, if the minor is between the ages of fourteen and eighteen, and is alleged to have committed a certain enumerated violent crime, then juvenile jurisdiction is automatically waived. Thus, when Larios was originally charged with second degree murder, he was properly treated as an adult by the state and by the district court under I.C. § 16–1806A(1)(a). However, when the state entered into a plea bargain with Larios whereby he pled guilty to voluntary manslaughter, and this plea was accepted by the district court, Larios was once again under the jurisdiction of the YRA because voluntary manslaughter is not one of the enumerated violent crimes in I.C. § 16–1806A(1).

 This does not mean that Larios may not ultimately be sentenced as an adult, but rather that certain additional procedures must be followed by the district court which are lacking here.[2] In order to proceed against Larios as an adult by waiving the jurisdiction of the YRA under the circumstances of this case, the procedures found in I.C. § 16–1806 and § 16–1807 should have been followed. I.C. § 16–1806 provides that upon the filing of a motion, and after a full investigation and hearing, the court may waive jurisdiction under the YRA and order that the minor be proceeded against as an adult. I.C. § 16–1806 provides, in pertinent part:

> **16–1806. Waiver of jurisdiction and transfer to other courts.**—(1) After the filing of a petition and after full investigation and hearing, the court may waive jurisdiction under the youth rehabilitation act over the child and order that the child be held for adult criminal proceedings when:
>
> (a) A child is alleged to have committed an act after he or she became fourteen (14) years of age which would be a crime if committed by an adult; . . . .

 A motion to waive jurisdiction under the YRA may be brought by either the prosecuting attorney, the minor, or by the court *sua sponte*. The district court must then consider certain factors in determining whether to waive juvenile jurisdiction over the child:

> (8) In considering whether or not to waive juvenile court jurisdiction over the child, the juvenile court shall consider the following factors:
>
> (a) The seriousness of the offense and whether the protection of the community requires isolation of the child beyond that afforded by juvenile facilities;

---

1. Larios does not challenge the validity of his guilty plea under the plea bargain, but only the district court's sentence. Although the state argues that if this Court determines that the sentencing aspect of the plea bargain should be vacated, that the entire plea bargain should be ordered rescinded, the state cites no relevant authority for this proposition, nor did the state cross-appeal seeking this relief. Accordingly, we do not consider whether the judgment of conviction, in addition to the sentence, should be vacated.

2. It should be noted that the case of *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991), is distinguishable from the present case. In *Broadhead*, a fourteen year old was charged with first degree murder for killing his father. He pled guilty to second degree murder and was sentenced as an adult. The difference between the two cases is that in *Broadhead* the minor was charged with and pled guilty to two crimes which are specifically enumerated in I.C. § 16–1806A thereby automatically waiving juvenile jurisdiction under the YRA. In the present case, Larios was originally charged with second degree murder, a crime which is listed in I.C. § 16–1806A, but later pled guilty to voluntary manslaughter, a crime not listed in that section.

(b) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

(c) Whether the alleged offense was against persons or property, greater weight being given to offenses against persons;

(d) The maturity of the child as determined by considerations of his home, environment, emotional attitude, and pattern of living;

(e) The child's record and previous history of contacts with the juvenile justice system;

(f) The likelihood of rehabilitation of the child by use of facilities available to the court;

(g) The amount of weight to be given to each of the factors listed in subsection (8) of this section is discretionary with the court, and a determination that the minor is not a fit and proper subject to be dealt with under the juvenile court law may be based on any one or a combination of the factors set forth above, which shall be recited in the order of waiver.

I.C. § 16–1806(8).

If the district court determines that jurisdiction should not be waived, the minor will be proceeded against under the YRA. If, however, the court determines that the YRA should be waived and the minor should be prosecuted under the criminal laws as an adult, the court must enter findings of fact and conclusions of law upon which it bases its decision along with an order or decree waiving YRA jurisdiction. I.C. § 16–1806(6).

Thus, we hold that in the event a person between the ages of fourteen and eighteen is charged with or pleads guilty to any crime which is not specifically enumerated as an exception to YRA jurisdiction under I.C. § 16–1806A (or which is. not included in the exceptions to juvenile court jurisdiction found in I.C. § 16–1803), the minor remains under the jurisdiction of the YRA for disposition under this statute. However, the prosecutor, the minor or the district court itself may file a motion pursuant to I.C. § 16–1806 seeking to waive YRA jurisdiction. In that situation, the district court must follow the procedures set forth in I.C. § 16–1806, and hold a hearing to determine whether YRA jurisdiction should be waived. In the absence of the required motion and hearing, the minor remains under YRA jurisdiction for disposition.

We strictly construe the automatic waiver provision of I.C. § 16–1806A because of the legislative intent set forth in I.C. § 16–1801 concerning the appropriate rehabilitation of the juvenile offender. This section provides, in part:

16–1801. Legislative intent.—The policy of the state of Idaho is hereby declared to be the establishment of a legal framework conducive to the constructive judicial processing of children's cases where the child's conduct is in conflict with the law; and the providing of professional assistance to courts handling children's cases, through a coordinated program of rehabilitation ... to provide due process of law for each child alleged or adjudicated to be delinquent under this act; ... and to consider the needs and best interests of the child as well as the need for protection of the community and to achieve the foregoing purposes in the least restrictive setting necessary, with a preference at all times for the family home and the integration of parental responsibility for the child into the treatment and counseling program....
It is the further intent of the legislature that the primary purpose of this act is to provide a continuum of supervision and rehabilitation programs which meet the needs of the youthful offender in a manner consistent with public safety. These services and programs will individualize treatment and control the youthful offender for the benefit of the youth and protection of society.

So great was the legislature's concern for the most effective juvenile rehabilitation that even in I.C. § 16–1806A, the court is permitted to sentence a juvenile convicted of an enumerated offense in accordance with juvenile options if the court finds "that adult sentencing measures would be inappropriate." I.C. § 16–1806A(3).

We therefore hold that because I.C. § 16–1806A does not specifically enumerate voluntary manslaughter as a crime which automat-

ically waives YRA jurisdiction, after the guilty plea to voluntary manslaughter was entered, the procedures set forth under I.C. § 16–1806 and I.C. § 16–1807 of the YRA should have been employed in this case. Although Larios' conviction, pursuant to a plea bargain of voluntary manslaughter and the firearm enhancement, stands, the district court's sentence of Larios is vacated and the case is remanded for further proceedings consistent with this opinion.

BISTLINE, JOHNSON, TROUT, and SILAK, JJ., concur.