931 P.2d 625

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Abel LARIOS, Defendant–Appellant.**

**No. 22014.**

Supreme Court of Idaho.
Boise, November 1996 Term.

Jan. 22, 1997.

Alan G. Lance, Attorney General (John C. McKinney, argued), J. Scott James and Carolyn Minder, Deputy Attorneys General, Boise, for respondent.

Raymundo Peña, Peña Law Offices, Rupert, for appellant.

TROUT, Justice.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

This case originally came to this Court several years ago. Abel Larios (Larios), a juvenile, had been charged as an adult with murder, however, prior to trial, Larios entered into a plea bargain arrangement, whereby he plead guilty to a reduced charge of voluntary manslaughter. *See State v. Larios,* 125 Idaho 727, 874 P.2d 538 (1994). Without conducting further proceedings, the trial court erroneously sentenced Larios as an adult.

In our earlier opinion, we concluded that the district court was permitted to sentence Larios as an adult but that voluntary manslaughter is not among the offenses listed in the Youth Rehabilitation Act (YRA) permitting a juvenile defendant automatically to be treated as an adult. *Larios I,* 125 Idaho at 729, 874 P.2d at 540. Thus, we instructed the trial court that it was permitted to treat Larios as an adult for a criminal offense not listed under the automatic waiver provisions, provided the district court made a finding waiving juvenile court jurisdiction. *Id.* at 729–30, 874 P.2d at 540–41. Consequently, we remanded the case to the district court to hold a hearing to determine whether to waive juvenile jurisdiction and to sentence Larios based upon the district court's determination.

On remand, Larios filed a motion pursuant to I.C.R. 25(a)[1] to disqualify the district judge without cause, and the district court granted the motion. Upon the State's motion to reconsider, however, the district court determined that this was not an automatic disqualification situation and reinstated itself in the case. The district court subsequently held a waiver hearing and concluded that Larios should be treated as an adult. The district court, therefore, waived juvenile jurisdiction and sentenced Larios as an adult. Larios now appeals the district court's deci-

---

1. Although I.C.R. 25(a) has been suspended, it was in full force and effect when Larios filed his motion to disqualify the district judge.

sion to reinstate itself and the court's ruling on waiver of juvenile jurisdiction.

## II.

## TRIAL ISSUES

### A. Application of I.C.R. 25(a)

■ Idaho Criminal Rule 25(a) provides that each party in a criminal action has a right to disqualify one judge without cause, provided the moving party complies with the procedures set forth in the rule. I.C.R. 25(a). This right is reinstated if a district or appellate court grants a new trial, however this right is not reinstated when a case is remanded for sentencing or resentencing. I.C.R. 25(a)(5). Whether a district court properly applied the mandates of I.C.R. 25(a) is a question of law. Therefore, when this Court reviews a district court's actions pursuant to I.C.R. 25(a), this Court exercises independent, or free, review. *In re Hanson,* 121 Idaho 507, 826 P.2d 468 (1992).

■ Larios contends that the evidentiary hearing on remand was a separate "action" that entitled him to a right of automatic disqualification pursuant to I.C.R. 25(a). He specifically refutes the characterization of the hearing as solely a sentencing hearing. We disagree with Larios' arguments.

The waiver hearing and the sentencing proceeding clearly were a continuation of the original proceeding. *See State v. Bingham,* 116 Idaho 415, 425, 776 P.2d 424, 434 (1989).[2] Our cases addressing the application of I.C.R. 25(a) demonstrate that, once the parties allow a judge to sit, the parties lose the option to disqualify the judge, thereby indicating that a proceeding will be considered a single action within the meaning of I.C.R. 25(a) if one judge typically presides over all aspects of the proceeding. *See Bingham,* 116 Idaho at 425, 776 P.2d at 434 (arraignments); *State v. Beam,* 115 Idaho 208, 766 P.2d 678 (1988) (postconviction relief proceedings). *See also State v. Blume,* 113 Idaho 224, 743 P.2d 92 (Ct.App.1987) (contempt proceedings). Thus, in the present case, we

believe the appeal does not make any difference regarding the right of automatic disqualification of the district court. If Larios had not appealed and simply had entered his plea, he would not be entitled to disqualify the district court prior to the waiver hearing and sentencing proceeding. Because we have determined that the waiver hearing and the sentencing proceeding simply were an ongoing part of the original proceeding, we hold that no right of automatic disqualification was reinstated when this Court remanded the case after deciding *Larios I.*

■ Larios also contends that, according to I.C.R. 25(e), the district court lacked authority to withdraw its order of disqualification. Rule 25(e), I.C.R., limits a district court's authority to act further in a case after a motion for automatic disqualification has been filed, except to grant or deny the motion for disqualification. I.C.R. 25(e). Larios argues that I.C.R. 25(e) precluded the district court from taking any action, including reconsideration, once the district court had granted the motion for disqualification. We disagree with Larios' interpretation of I.C.R. 25(e). Rather, we believe that I.C.R. 25(e) means that the district court may not take any action, other than ruling on the motion to disqualify, after the motion has been filed. Clearly, the district court in the present case simply was reexamining the issue of whether it should grant or deny the motion to disqualify and was not taking any other action in the case. Thus, the district court was well within its rights to reconsider its ruling, and we conclude that the district court was correct to set aside the earlier order.

### B. Waiver of Juvenile Jurisdiction

■ Larios argued in his brief that, because this Court in *Larios I* determined that Larios was once again under the jurisdiction of the YRA when he pled guilty to voluntary manslaughter and the district court accepted this plea, the district court was precluded from considering the State's motion to waive jurisdiction under the YRA. Essentially, Lar-

---

**2.** This case previously was shown as overruled in part. That citation was an error. *See State v. Pizzuto,* 119 Idaho 742, 810 P.2d 680 (1991);

*State v. Sarabia,* 125 Idaho 815, 875 P.2d 227 (1994).

ios asserted that this Court's determination was synonymous to an order finding that he was within the purview of the YRA. In oral argument, however, Larios' counsel argued that the district court's mere acceptance of Larios' plea of guilty to the lesser offense constituted an order finding that Larios was within the purview of the YRA.

When reviewing a district court's ruling on a motion for waiver of jurisdiction under the YRA, this Court applies the abuse of discretion standard. *State v. Christensen,* 100 Idaho 631, 603 P.2d 586 (1979). Therefore, this Court must determine whether the district court's findings are based on substantial competent evidence. *Id.* at 634, 603 P.2d at 589. Furthermore, when evaluating whether the district court abused its discretion, this Court must determine:

(1) whether the district court correctly perceived the issue as one of discretion; (2) whether the district court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the district court reached its decision by an exercise of reason.

*Sun Valley Shopping Ctr. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991) (citing *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989)).

With respect to Larios' argument contained in his brief, we certainly do not believe that any of this Court's findings in *Larios I* should be considered an order. Additionally, as counsel recognized in oral argument, we would have to overrule *Larios I* if we accepted Larios' contention that accepting a plea, alone, was sufficient to put Larios within the purview of the YRA, because such a conclusion would be inconsistent with this Court's decision in *Larios I.* We are not inclined to overrule *Larios I.* In that case, we were quite clear that, even though the offense to which Larios entered a plea was an offense within the juvenile act, there had been no order or decree finding Larios within the purview of the act. *Larios I,* 125 Idaho at 729, 874 P.2d at 540. Additionally, we found that Larios was to be treated as a juvenile until the district court made a determination waiving jurisdiction, and we specifically con-

cluded that the district court was responsible for making that determination. *Id.* at 730, 874 P.2d at 541.

Moreover, we believe that a guilty plea or accepting a plea is nothing more than that, unless the court specifically enters an order or decree finding the juvenile within the purview of the YRA. No such order or decree was entered, and, thus, nothing precludes a later hearing to determine whether juvenile jurisdiction ought to be waived. Therefore, we conclude that the district court correctly followed our instructions in *Larios I* and, therefore, did not abuse its discretion when it determined to waive juvenile jurisdiction.

### III.

### CONCLUSION

We affirm the district court's order setting aside its earlier order to disqualify. Additionally, we affirm the district court's decision to hold a waiver hearing and the court's ultimate decision to waive juvenile jurisdiction.

McDEVITT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.