**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 33273**

| | | |
|---|---|---|
| DEAN HARRELL, | ) | 2008 Unpublished Opinion No. 400 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 19, 2008 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Monte B. Carlson, District Judge.

Order dismissing petition for post-conviction relief, <u>vacated</u>, and <u>case remanded</u>.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ralph R. Blount, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Dean Harrell appeals from the district court's dismissal of his petition for post-conviction relief. We vacate the dismissal order and remand.

Harrell was convicted of rape. He appealed from the judgment of conviction and this Court affirmed. *State v. Harrell*, Docket No. 25985 (Ct. App. July 25, 2001) (unpublished). Harrell filed a petition for post-conviction relief, which the district court denied. Harrell appealed and this Court again affirmed. *Harrell v. State*, Docket No. 28371 (Ct. App. May 14, 2004) (unpublished).

On November 7, 2005, Harrell filed the present successive action for post-conviction relief. On that same day, Harrell filed additional motions, including a motion to disqualify the presiding judge for cause. The district judge never ruled on the motion to disqualify. The district judge appointed counsel for Harrell, issued a notice of intent to dismiss, conducted a number of status hearings, and ultimately dismissed the petition. Harrell appeals, contending

1

that the district judge was without authority to dismiss the petition or to take any other action in the case because he did not first rule on the motion to disqualify. We are constrained to agree.

An action for post-conviction relief is civil in nature and is generally governed by the Idaho Rules of Civil Procedure. *Pizzuto v. State*, 127 Idaho 469, 470, 903 P.2d 58, 59 (1995); *Lamm v. State*, 143 Idaho 763, 765, 152 P.3d 634, 636 (Ct. App. 2006). Unlike parties in most civil proceedings, however, a post-conviction petitioner is not entitled to disqualify a judge without cause if the judge assigned to the case also entered the judgment of conviction that is being challenged. I.R.C.P. 40(d)(1)(I)(ii). *See also* Idaho Criminal Rule 25(a)(9)(ii). However, a petitioner in a post-conviction proceeding may move to disqualify a judge for cause under I.R.C.P. 40(d)(2). Idaho Rule of Civil Procedure 40(d)(5) specifically provides that "[u]pon the filing of a motion for disqualification, the presiding judge shall be without authority to act further in such action except to grant or deny such motion for disqualification." *See also State v. Larios*, 129 Idaho 631, 633, 931 P.2d 625, 627 (1997) (holding that "the district court may not take any action, other than ruling on the motion to disqualify, after the motion has been filed"); *State v. Beard*, 135 Idaho 641, 644, 22 P.3d 116, 119 (Ct. App. 2001). The interpretation of the applicable rule presents a question of law. *Larios*, 129 Idaho at 633, 931 P.2d at 627.

The State opposes Harrell's argument in two ways. First, it asserts that Harrell's motion was not properly brought because no supporting affidavit was filed as required by I.R.C.P. 40(d)(2)(B) and, therefore, no error occurred. While the State cites a number of cases discussing, in the context of a motion to disqualify for cause, affidavits and the specificity required, it cites no case holding that the failure to file a supporting affidavit means that the motion was not filed at all. We hold that while the lack of an affidavit may be grounds for the denial of a motion to disqualify for cause, it does not excuse the court from ruling on the motion.

The State also argues the merits of the motion to disqualify and contends that because the motion would have been denied, the district court's failure to make a ruling was harmless. This argument is unpersuasive because the plain language of the rule states that "the presiding judge shall be without authority to act further in such action except to grant or deny such motion for disqualification." All orders or actions following a motion to disqualify, but prior to a ruling on the motion, are, in the words of our Supreme Court, "improper, void and of no effect." *Pizzuto*, 127 Idaho at 470, 903 P.2d at 59 (quoting *Lewiston Lime Co. v. Barney*, 87 Idaho 462, 467, 394 P.2d 323, 326 (1964)).

Because the district court failed to rule on the motion to disqualify, its subsequent actions and orders, including the order dismissing the petition, are void. As a result of this disposition, it is unnecessary to address any further issues presented in this appeal, and we express no opinion on the merits of the petition.

The district court's order dismissing the petition and all other actions taken by the district court are vacated. We remand for further proceedings consistent with this opinion.

Chief Judge GUTIERREZ and Judge PERRY **CONCUR.**